# JANUARY 20, 1937

J. P. BUTLER (ALIAS JAMES P. BUTLER) V. THE STATE.

No. 18400.  Delivered October 21, 1936.
Rehearing Denied January 20, 1937.

544

The opinion states the case.

*Martin & Shipman*, of Abilene, and *Nass & Bitter*, of San Antonio, for appellant.

*Lloyd W. Davidson*, State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—Appellant was convicted of the offense of an assault with intent to commit murder, and his punishment was assessed at confinement in the state penitentiary for a term of four years.

The record discloses that the injured party, at the time of the commission of the alleged offense, was a policeman in the city of San Antonio; that, just prior to the unfortunate occurrence, appellant was disturbing the peace by the use of vulgar, obscene, and profane language, of which the injured policeman had been informed by Lettie Ray Stacy, and while in the act of going to the appellant's home to investigate the cause of the disturbance, he heard the appellant cursing and swearing; that upon his arrival appellant used some offensive language towards and concerning the injured party, who took hold of the appellant's arm for the purpose of arresting him and, after he had done so, appellant cut him across the abdomen with a large knife inflicting a very serious wound which necessitated surgical attention in order to save his life. Appellant interposed a plea of self-defense.

By bill of exception number one appellant complains of the action of the trial court in declining to permit him to prove by one Arthur Armstrong, a son-in-law of appellant, that after the difficulty appellant appeared at the home of the witness, which was approximately twelve or fourteen city blocks from where the difficulty occurred; that he was holding his arm, but could not use it; that he stated to the witness that the injured policeman had assaulted him again, jumped on him, and beat him up for no cause whatsoever. It is our opinion that the bill does not disclose any reversible error inasmuch as it is not shown that the proffered testimony comes within the rule of res gestae statements. The bill fails to show how much time had elapsed between the time the wound was inflicted and the time the statement was made.

Neither is it shown that the witness was the first person to whom appellant talked after the alleged occurrence, nor is it shown that appellant at the time was excited or agitated.

By bill of exception number two appellant complains of the action of the trial court in overruling his objection to the court's charge. We have carefully considered the same, but

do not believe the charge is subject to the criticism addressed to it. The court fully instructed the jury on assault with intent 'to murder with malice, murder without malice, aggravated assault, and the law of self-defense which pertinently applied the law to the facts as developed upon the trial.

Appellant also contends that the court erred in instructing the jury that a deadly weapon was one, which, from the manner used is calculated to produce death or serious bodily injury and assumed that the knife used by appellant was a deadly weapon. The court instructed the jury as follows: "If you believe from the evidence beyond a rasonable doubt that the defendant J. P. Butler, alias James P. Butler, on or about the 19th day of February, 1935, in the County of Bexar, State of Texas, with a knife and that the same was a deadly weapon as the term is hereinbefore defined, did assault the said Jack Voight with intent to kill the said Jack Voight, you will find defendant guilty of an assault with intent to murder, and say so by your verdict and assess his punishment at confinement in the penitentiary for a term of not less than two nor more than fifteen years." The court gave a similar charge on an assault with intent to murder without malice. Appellant's contention being that the knife not being a deadly weapon in view of the repeal of art. 1261, P. C., 1925, the court committed error. The court further instructed the jury that if they believed from the evidence beyond a reasonable doubt that defendant, in the County of Bexar, State of Texas, on or about the date charged in the indictment with a deadly weapon, did unlawfully assault said Jack Voight, but not with intent to murder, then to find the defendant guilty of aggravated assault, etc. In every instance the court required the jury to find not only that the knife was a deadly weapon, but also that the defendant entertained the intent to kill. If he entertained the specific intent to kill as the jury were required to find under the instruction of the court before they could convict the defendant of an assault with intent to murder, it made very little difference whether the instrument or weapon used was a deadly weapon per se or not because the intent with which the offense was committed was the controlling issue in the case, and although the defendant may have testified that he did not intend to kill the policeman, yet the jury could look to the instrument used and the manner of its use and the injury inflicted to determine the intent of the party offending. In the case of Bailey v. State, 58 S. W. (2d) 834, this court said: "If it was possible that death might have been inflicted by the weapon appellant

used, and he intended to take life, though the weapon was not a deadly weapon, still he might be guilty of assault with intent to murder." In the case of Rose v. State, 58 S. W. (2d) 526, this court said: "The State's evidence, if believed, was quite sufficient to show that the appellant inflicted serious wounds upon the injured party with a knife which the jury might well have concluded was a deadly weapon. The wounds were serious and such that, in the absence of proper care, would have produced death.' In the instant case the wound was so serious that in the absence of proper care it would have produced death. The jury might well have concluded that the knife and the manner of its use was a deadly weapon which when considered in connection with the seriousness of the wound evidenced an intent to murder. Appellant cites us to Briscoe v. State, 56 S. W. (2d) 458; Johnson v. State, 68 S. W. (2d) 202; Stroud v. State, 46 S. W. (2d) 689; Davis v. State, 10 S. W. (2d) 116, but we find nothing in said cases which is in conflict with the opinion here expressed.

By bill of exception number three appellant complains of the action of the court in overruling his application for a continuance based on the absence of two material witnesses. The court qualified said bill and in his qualification states that the indictment was returned March 19, 1935; that the case was set for trial on April 1st, at which time it was continued; that appellant made his first application for subpoenas for said witnesses on March 29th, said subpoenas being returned on April 4th and 9th, respectively, showing that said witnesses could not be found. Appellant did not again make application for subpoenas for said witnesses until November 26th, said subpoenas being returned November 29th showing that said witnesses were out of the city. From March 29th to November 26th appellant made no effort to locate said witnesses and obtain process for them. Hence sufficient diligence was not shown. See Rogers v. State, 95 S. W. (2d) 108, and authorities there cited.

By bill of exception number four appellant complains of the action of the trial court in permitting Lettie Ray Stacy, a girl of eleven years, to testify in behalf of the State. His contention being that the girl was not a competent witness in that she did not understand the obligation of an oath. The bill discloses the fact that the court first satisfied himself that the witness did understand the obligation of an oath and had sufficient intelligence to relate the facts and circumstances about which she testified. The witness stated that she knew what it was to tell a lie; that if she swore to tell the truth

and told something that was not the truth, that it was wrong and she would be punished for doing so. We think the witness was a competent witness. See Hennington v. State, 101 Texas Crim. Rep., 12, 274 S. W., 599; Finch v. State, 71 Texas Crim. Rep., 325; Parker v. State, 33 Texas Crim. Rep., 111; Munger v. State, 57 Texas Crim. Rep., 384.

By bills of exception five, six, seven, eight, nine, ten, and eleven appellant complains because the trial court permitted the State to prove by a number of witnesses that they knew the general reputation of the injured party, in the community in which he lived and was best known, as a peaceable law abiding citizen and that it was good. The court qualified said bills of exception and states in his qualification that the defendant offered evidence of threats made against him by the injured party; that the defendant and his witness, Anna McKenzie, each testified to a series of threats or mistreatments of the defendant by the injured party; that one night the injured party had come to the home of the defendant and assaulted and threatened him. This testimony was admissible by reason of the fact that appellant had offered testimony showing that the injured party had theretofore threatened him and on several occasions had made an assault on him and in support of the opinion herein expressed we refer to the case of Cannon v. State, 59 Texas Crim. Rep., 407, and authorities there cited.

By bill of exception number twelve appellant complains of the court's action in overruling his motion for an instructed verdict on the ground of variance between the name of the injured party as set out in the indictment and that as proven at the trial. In the indictment the name was alleged as Jack Voight. The testimony shows that his real name was A. E. Voigt, but that he was usually and commonly known as Jack Voight; that A. E. Voigt and Jack Voight was one and the same person. Whenever the testimony shows that a person is known by one name as well as by another, there is no variance. See Stokes v. State, 46 Texas Crim. Rep., 358, 81 S. W., 1213; Archer v. State, 109 Texas Crim. Rep., 419; Art. 401, C. C. P., 1925.

By bill of exception number thirteen appellant complains of the argument of the district attorney in which he said that the relationship between appellant and Anna McKenzie was more than a relationship of houseekeeper—to which appellant objected on the ground that it was improper, not based on any facts, was prejudicial and calculated to inflame the minds of the jury against him. It occurs to us that the argument was

a reasonable deduction from the testimony in that it was shown by the witness Anna McKenzie that she had lived in San Antonio about five or six years, during which time she was housekeeper for appellant, that prior to that time she had lived in the city of Austin where she acted as housekeeper for appellant, that only the two, that is, appellant and witness, lived in the same house for quite a number of years.

All other matters complained of have been carefully considered and are deemed to be without merit.

Finding no reversible error in the record, the judgment of the trial court is in all things affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—We are still of opinion that appellant's bill of exceptions No. 1 is not sufficient to show reversible error. The test of res gestae, after all is said and done, is spontaneity,—and its indicatives are nearness enough in point of time to make reasonably probable that the alleged res gestae statements were the transactions speaking through the declarant, and not the declarant talking about the transactions; also agitation, excitement, suffering or other emotion prevailing at the time of the alleged statement, such as would reasonably preclude a made-up story. As said in our original opinion, there is nothing in this bill to show agitation or excitement, or that the declarations were made so near as to make improbable the fact that the proposed statement made by him was not a made up story. If we follow appellant's suggestion and look to the statement of facts, we observe that Mrs. McKenzie, who lived with appellant and was his chief witness, indicates in her testimony that after Voight, the injured party, had been carried to the drug store where he could be given treatment, she went down there and had a conversation with Voight, after which she went back to her home where appellant was, and at some unknown time after that appellant left, starting on the twelve or fourteen block trip to the home of his son-in-law where he made the alleged res gestae statement.

We have again gone over, in the light of appellant's motion, his contentions regarding the refusal of his continuance and alleged errors in the charge of the court to which he addressed

550

his exceptions. We might write upon them at length without making any clearer our views than appear in the original opinion. We are not able to agree with any of the contentions made by appellant in his motion, and same is accordingly overruled.

*Overruled.*