RICHARD BRADSHAW V. STATE.

No. 30,327. January 28, 1959.
Motion for Rehearing Overerruled March 4, 1959.

*Ben Hagman,* Weatherford, for appellant.

*Leon Douglas,* State's Attorney, Austin, for the state.

WOODLEY, Judge.

The offense is assault with intent to murder without malice; the punishment, eighteen months.

The difficulty started in a drivein near Mineral Wells. Ray Jackson, the injured party, arrived first and drank a few beers and danced a few times. Appellant, an acquaintance of Jackson, came in later.

Jackson took offense from a remark made by appellant and invited him outside. Appellant said "Let's go."

They proceeded outside and an argument ensued. Both appellant and Jackson had a beer bottle in their hands but no licks were passed and they were separated.

Appellant re-entered the building. Jackson remained outside and sent word to appellant to meet him down the road. Appellant declined the invitation and remained in the building until closing time, some fifteen minutes later.

When appellant came out of the building Jackson was waiting, unarmed, and ready to fight.

An argument ensued and what to Jackson was a fist fight followed. Jackson was soon on the ground, appellant on top of him.

Jackson testified that appellant was "racking him" on the back and shoulder, "well, he just cut me in a racking manner, just slashed. He didn't stab me or nothing like that. He just gave me a slash. * * * I said 'You are cutting me; you are cutting me with a knife.' * * * He said, 'No, I'm not going to quit; I'm going to kill you.' "

Jackson testified that he got ahold of appellant's hand and Joe Baker then separated them. Jackson managed to hit appellant a time or two thereafter before appellant got in his car and left the scene. He was then taken to a hospital.

Dr. Allensworth, who examined and treated Jackson, described the wound in Jackson's back as some 3½ inches in length and 5 inches in depth. He described Jackson's condition as "going into a light shock," and expressed the opinion that Jackson would have bled to death had he not received attention such as he received.

A knife was found on the ground near the spot where the injury was inflicted.

Appellant did not testify. A portion of his written statement to the district attorney was offered by the state in which he identified the knife found at the scene as the one he got out of his pocket and cut Jackson with.

We find the evidence sufficient to sustain the jury's verdict.

In his brief appellant complains of the overruling of his application for continuance based upon the absence of two witnesses, and the overruling of his motion for new trial because of the failure of the court to grant the continuance.

No affidavit of either absent witness, as to what his testimony would have been, is found in the record and there is no showing why such had not been secured and attached to the motion for new trial. In the absence of such the failure of the trial court to grant continuance does not call for reversal. Morris v. State, 158 Texas Cr. Rep. 516, 251 S.W. 2d 731; Gonzales v. State, 161 Texas Cr. Rep. 488, 278 S.W. 2d 167; Massoletti v. State, 165 Texas Cr. Rep. 20, 303 S.W. 2d 412.

It is next contended that the trial court erred in admitting in evidence a portion of appellant's confession because it was not shown to have been freely and voluntarily made.

Such an objection does not appear to have been made when the confession was offered. The trial court did not err in admitting it over the objection which was made.

It is contended that error is shown in the failure of the trial court to submit to the jury as an issue of fact whether the confession was voluntarily made.

We do not understand that such an issue was raised. If so, we find no exception to the court's order overruling the objection to the court's charge because of such omission; no requested charge and no bills of exception.

The judgment entered sets out the jury's verdict in which the punishment was assessed at eighteen months in the penitentiary, but adjudges that appellant be punished by confinement in the penitentiary for not less than one year nor more than eighteen months. The judgment is ordered reformed so as to conform to the verdict. The sentence appears regular.

As reformed, the judgment is affirmed.

DAVIDSON, Judge (dissenting).

I can not agree to the affirmance of this case.

Jackson, the injured party, was the aggressor throughout the difficulty. He started an argument with the appellant while they were in the beer tavern, during which time he invited appellant outside. His attack on the appellant at that time was stopped by bystanders. Appellant then went back into the building, at which time the injured party sent word for him to come back out and meet him down the road. Appellant de-

clined to do so and remained inside the building until closing time.

As appellant left the building, the injured party began attacking him again and, in final desperation, appellant was forced into the fight, in the course of which appellant cut the injured party with a knife.

So far as I am concerned, what appellant did was in self-defense. At least, his cutting the injured party was not with the specific intent to kill but for the purpose of cutting the injured party loose from him, which latter course appears to have been his only way out of the difficulty.

I do not agree to putting this man in the penitentiary for doing what was forced upon him by his assailant, who was the injured party in this case.

I therefore enter my dissent.