Donald Ray YOUNG, Appellant,

v.

The STATE of Texas, Appellee.

No. 37314.

Court of Criminal Appeals of Texas.

Dec. 2, 1964.

Curry & Curry by Tim C. Curry, Fort Worth (on appeal only), for. appellant.

Doug Crouch, Dist. Atty., Grady Hight and R. J. Adcock, Asst. Dist. Attys., Fort Worth, and Leon B. Douglas, State's Atty., Austin, for the State.

WOODLEY, Presiding Judge.

The offense is assault with intent to murder with malice; the punishment, confinement in the state penitentiary for 5 years.

On the night of the 15th of July, 1962, the injured party, Burton Glenn Howard, and a friend Perry Stacey were at the Meadowbrook Drive-In Theater in Fort Worth, Tarrant County, Texas. Attending the same theater was the appellant, Donald Ray Young, and his friend Drury Pierce. At some time during the evening in question the four men exchanged words, threats, etc., until the situation developed into a heated argument. At this point, Drury Pierce made contact with "B. G." Howard and a fight started. The appellant and Howard became involved and the appellant's companion, Pierce, commenced fighting Perry Stacey.

After the altercation the injured party was slumped against a bench bleeding from several lacerations, and a knife was observed on the ground. Howard was subsequently taken to the Carswell Air Force Base Hospital where surgery was performed, removing one of his kidneys. A further convalescence of three months was required before Howard was able to perform limited work. A medical doctor testified that the kidney had been punctured and, unless properly cared for, the wound received by Howard could likely have caused death.

Direct identification of the appellant as the individual attacking Howard was established by Howard's companion Perry Stacey.

Appellant contends that the evidence is insufficient to sustain the conviction because the weapon, which was not introduced into evidence, was not shown to have been used in a manner calculated to produce death or serious bodily injury, nor were the injuries received shown to be such as to justify the inference that such a weapon was used.

The wounds were caused by some sharp instrument. The kidney was punctured, and had to be removed.

Specific intent to kill is an essential element of the offense of assault with intent to murder. Art. 1160 Vernon's Ann.P.C. Such intent may be inferred. "If the weapon used is not deadly, the intent to kill * * * may be ascertained from and shown by the surrounding facts and circumstances." Ammann v. State, 145 Tex.Cr.R. 34, 165 S.W.2d 744. In the case at bar the wound was so serious that in the absence of proper care the wound probably would have produced death. The jury was warranted in concluding from the seriousness of the wound that the instrument used to inflict the lacerations and puncture was, from the manner of its use, a deadly weapon, and that the appellant intended to kill Burton Glenn Howard. Butler v. State, 131 Tex.Cr.R. 543, 100 S.W.2d 707; Rose v. State, 123 Tex.Cr.R. 261, 58 S.W.2d 526.

No motion for new trial was filed. No affidavit of either absent witness, as to what his testimony would have been, is found in the record and there is no showing why such had not been secured. In the absence of such, the failure of the trial court to grant appellant's motion for continuance does not call for reversal. Bradshaw v. State, 167 Tex.Cr.R. 469, 320 S.W.2d 833.

The court instructed the jury on the law of aggravated assault and self-defense. The conflicting evidence was resolved by the verdict of the jury against the appellant. We find the evidence sufficient to support the conviction.

The judgment is affirmed.