

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN, TEXAS 78711

JOHN L. HILL
ATTORNEY GENERAL

September 16, 1975

The Honorable Tom Hanna
Criminal District Attorney
Jefferson County
P. O. Box 2553
Beaumont, Texas 77704

Opinion No. H- 692

Re: Question relating
to service of
civil process.

Dear Mr. Hanna:

You have asked our opinion concerning the following questions:

(1) What criminal charge applies to one interfering
with or resisting the execution of civil process?

(2) What charge applies to one who threatens or
displays a deadly weapon during the service of
civil process?

(3) Under the law, what authority does an officer
have in the execution of civil process aboard a
marine vessel not under way?

With regard to the first question, articles 336 and 340, Texas Penal
Code of 1925, defined as crimes the interfering with and the resisting of
the execution of civil process. The new Penal Code, enacted in 1973 and
effective on January 1, 1974, expressly repealed articles 336 and 340
and no comparable provision in the new Code replaced the repealed articles. Acts
1973, 63rd Leg., ch. 399, sec. 3(a), p. 991.The immediate past Legislature,
the 64th, did not enact into law a statute that would provide criminal sanc-
tion for opposition to the service of civil process. Accordingly, Texas has
no law which specifically prohibits conduct that interferes with the execu-
tion of process in a civil case. But see section 36.05, Penal Code,
relating to subpoenas.

However, your second question - what criminal charge is applicable where a deadly weapon is displayed during the service of civil process --suggests that there are other penal statutes which may be applicable to interference or resistance occurring in the service of process in a civil case. A firearm is "per se" a "deadly weapon" while other instruments of attack may be "deadly weapons" if death or serious bodily injury could result from the manner of their use. Ortiz v. State, 490 S. W. 2d 594 (Tex. Crim. App. 1973); Trimble v. State, 190 S. W. 2d 123 (Tex. Crim. App. 1945); Butler v. State, 100 S. W. 2d 707 (Tex. Crim. App. 1937). Section 46. 02, Penal Code, 1974, prohibits the carrying of a handgun, although this prohibition is not applicable to one who possesses a pistol "on his own premises or premises under his control," section 46. 03(2). However, should a handgun be displayed during process serving where the premises involved were not controlled by the displayer, the crime defined by section 46. 02 would be committed.

Even where the person displaying the deadly weapon during service is on his own premises, other provisions of the Penal Code may become operable depending upon the facts. Section 22. 01 defines an assault, in part, as "intentionally or knowingly . . . [threatening] another with imminent bodily injury." Section 22. 02 makes an assault "aggravated" where "a deadly weapon" (any "deadly weapon," not just a pistol) is used. Section 22. 05 creates an offense where one "recklessly engages in conduct that places another in imminent danger of serious bodily injury" and "recklessness and danger are presumed if the actor knowingly . . . [points] a firearm at or in the direction of another . . . " And an offense is committed where one "threatens to commit any offense involving violence to any person . . . with intent to . . . place any person in fear of imminent serious bodily injury . . . " Section 22. 07.

It would therefore seem probable that one or more of the foregoing offenses would be committed by a person who displays a deadly weapon to an officer serving civil process.

To answer your third question, relating to the service of civil process aboard a maritime vessel, is dependent upon the type of ship involved.

Where the vessel is a naval vessel of the United States or foreign government, it would seem clear that an agent of the State of Texas lacks the power to board such ships for the purpose of executing civil process.

Attorney General Opinion M-285 and the authorities cited therein. However, it would seem equally clear that an agent of the State of Texas has the power to board merchant ships of the United States and any foreign power for the purpose of serving process in civil (and criminal) cases.  Attorney General Opinion M-285.

## SUMMARY

There is no specific criminal offense that covers the interfering with or resistance of the service of civil process.  However, there are a number of assaultive offenses that probably cover the display of a deadly weapon during the service of process.  Civil process may be served aboard domestic and foreign merchant vessels but not aboard naval vessels of the United States nor foreign powers.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee