Fernando ESPINOZA, Jr., Appellant,

v.

The STATE of Texas, Appellee.

No. 13–96–151–CR.

Court of Appeals of Texas,
Corpus Christi.

June 19, 1997.

David G. Langenfeld, Corpus Christi, for Appellant.

Carlos Valdez, District Attorney, Adolfo Aguilo, Jr., Assistant District Attorney, Corpus Christi, for Appellee.

Before DORSEY, FEDERICO G. HINOJOSA, Jr. and RODRIGUEZ, JJ.

## OPINION

FEDERICO G. HINOJOSA, Jr., Justice.

A jury found appellant, Fernando Espinoza, Jr., guilty of murder and after finding that appellant acted under the immediate influence of sudden passion arising from an adequate cause, assessed his punishment at seventeen years' imprisonment. By four points of error, appellant contends that the trial court erred in excluding evidence regarding the character of the victim, Arnold Moreno. We reverse and remand.

■ Appellant's four points of error, taken collectively, complain that the trial court erred by excluding evidence of Arnold Moreno's violent character and that this evidence was vital to appellant's theory of self-defense. Texas law permits the use of deadly force against another in self-defense to a threat of death or serious bodily injury. TEX. PENAL CODE ANN. §§ 9.31, 9.32 (Vernon 1994). In a murder case, the victim's reputation for violence and specific acts of aggressive misconduct in keeping with the victim's character are admissible in two respects to support a claim of self-defense: 1) to show that the victim was the first aggressor and/or 2) to show that the defendant reasonably apprehended danger. *Gutierrez v. State*, 764 S.W.2d 796, 798 (Tex.Crim.App.1989); *Thompson v. State*, 659 S.W.2d 649, 653 (Tex. Crim.App.1983); *Dempsey v. State*, 159 Tex. Crim. 602, 266 S.W.2d 875, 877–78 (App. 1954).

■ For evidence of a victim's character to be admissible in a homicide prosecution, there must be some act of aggression by the victim which the character evidence tends to explain. *Thompson*, 659 S.W.2d at 653; *Lowe v. State*, 612 S.W.2d 579, 580 (Tex. Crim.App.1981). Mere words without an accompanying threatening action or gesture are not enough to constitute an act of aggression, nor foster an apprehension of danger which would permit the use of deadly force. *Fry v. State*, 915 S.W.2d 554, 561 (Tex. App.—Houston [14th Dist.] 1995, no pet.).

■ If specific acts reflecting the victim's violent nature are offered to show that the deceased was in fact the aggressor, the defendant need not have known of the violent acts at the time of the murder. *Lowe*, 612 S.W.2d at 581. If the deceased's violent acts are offered to show the reasonableness of the defendant's claim of apprehension of danger, it must be shown that the acts of violence were known to the accused at the time of the homicide. *Thompson*, 659 S.W.2d at 653–54; *Lowe*, 612 S.W.2d at 581; *Stone v. State*, 751 S.W.2d 579, 585 (Tex.App.—Houston [1st Dist.] 1988, pet. ref'd).

■ If investigation reveals that the victim was unarmed, the defendant's claim of self-defense must rest entirely upon a *perceived* danger. *Fry*, 915 S.W.2d at 560. Such a perception can be rationally based on a gesture that can only be regarded as a threat when viewed in light of the decedent's reputation for violence. *Id.* Since such evidence is offered to show that the defendant killed the decedent because he reasonably believed his life to be in danger, the defendant must establish that he was aware of the decedent's aggressive nature. *Beecham v. State*, 580 S.W.2d 588, 590 (Tex.Crim.App. 1979). The defendant's awareness of the victim's violent disposition may be from personal knowledge or from hearsay. *Dixon v. State*, 634 S.W.2d 855, 857 (Tex.Crim.App. 1982).

By his third point of error, appellant contends that the trial court erred in excluding his testimony that he believed, at the time of the murder, Arnold Moreno had shot another person. In response, the State argues that the trial court did not err because the excluded testimony is cumulative of other evidence. After reviewing the record, we find that the

excluded evidence is not cumulative of other testimony.

Appellant testified that as he was walking in Banquete, Texas, on April 16, 1995, he encountered Arnold Moreno and his cousin, Jimmy Moreno. Although appellant attempted to avoid the Morenos, they followed appellant's moves and began to taunt him. Hoping to scare them off, appellant displayed a gun. When the Morenos were not intimidated, appellant began to shoot the weapon wide of Arnold. Appellant claimed he fired four shots before observing Arnold move his hand to his shirt in a manner suggesting the presence of a gun. Believing he was about to be shot, appellant reacted by rapidly firing a final and fatal shot directly at Arnold. At least one other witness saw Arnold move his hands to his abdomen, however, no weapon was found on or near the victim.

■ Because Arnold was unarmed, appellant had to prove his claim of self-defense by establishing that his apprehension of danger was reasonable given the circumstances. To do this appellant was entitled to offer evidence of Arnold's reputation for violence. In addition, appellant could testify about his knowledge, at the time of the murder, of any specific violent acts committed by Arnold. Appellant could have learned of the specific acts directly or through hearsay.

■ Appellant testified that in December 1994, Arnold Moreno and his cousins came to the place where appellant was living and threatened him. When appellant went to a local store to call his brother, the Morenos followed and continued threatening him. Store owners ordered the Morenos to leave their property. Even after appellant moved to his aunt's house in another city, the Morenos followed him and made threats. Appellant knew that Arnold owned a .25 caliber pistol, that the victim bragged of doing drive-by shootings, and that he had been in jail. Appellant testified that he was carrying his brother's pistol on the day of the shooting because he knew he had to pass the Morenos' house to reach his destination, and he feared them. Evidence also indicates that Arnold's girlfriend was afraid for appellant to walk by the Morenos' house and called appellant's sister-in-law in an attempt to arrange a ride

for him. In addition to this evidence, appellant wanted to testify concerning specific acts of violence he believed Arnold had committed, including that the victim claimed to have shot someone. We hold that the trial court erroneously excluded this testimony.

■ Based on the above testimony, and the fact that the jury found extenuating circumstances existed to reduce the offense from a first degree felony to a second degree felony, we cannot say beyond a reasonable doubt that the error did not contribute to appellant's conviction or to his punishment. TEX.R.APP. P. 81(b)(2); *Brimage v. State*, 918 S.W.2d 466, 484 (Tex.Crim.App.1996). Appellant was entitled to inform the jury that he feared Arnold would shoot him because he believed Arnold had previously shot another person. That information, when combined with the testimony that appellant knew Arnold owned a pistol and had been in jail, may have convinced the jury to find that appellant acted, in what he reasonably believed, was self-defense. Accordingly, we sustain appellant's third point of error.

Because of our disposition of this point of error, it is not necessary to discuss appellant's remaining points of error.

We reverse the judgment and remand the case to the trial court for a new trial.