**Affirm and Opinion Filed June 21, 2013**



In The
**Court of Appeals
Fifth District of Texas at Dallas**

**No. 05-11-01592-CR**

**No. 05-11-01593-CR**

**CURTIS WADE LINDSEY, Appellant**

**v.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the Criminal District Court No. 6
Dallas County, Texas
Trial Court Cause No. F11-51562-X**

## OPINION

Before Justices Bridges, FitzGerald, and Myers
Opinion by Justice FitzGerald

A jury convicted appellant of two offenses of aggravated assault with a deadly weapon. The trial court found two enhancement paragraphs true and assessed punishment at forty-five years' imprisonment for each offense. In a single issue on appeal, appellant argues the trial court abused its discretion when it denied appellant's request to impeach the State's witness with a prior conviction of unlawfully carrying a firearm. Finding no reversible error, we affirm the trial court's judgments.

## BACKGROUND

Marty Angell manages leasing and sales for the Forestwood on the Creek Condominiums complex in northeast Dallas. On January 26, 2011, he heard appellant yelling as he walked by building 13. Appellant saw Angell, addressed him by name, and began using profanity toward

him. Although Angell had seen appellant occasionally for a two or three week period, they had never met.

Angell called 911 to make a criminal trespass report because appellant did not reside at the complex. Angell watched appellant walk back into Unit 1322. Within ten seconds, appellant came back out of the unit with a chrome pistol in his hand. As it appeared that appellant was about to put the gun into his pocket, Angell ran. When Angell looked back, appellant pulled out the pistol again and began shooting. Angell then tripped and fell. Angell thought he heard three shots before he fell and two more shots after he fell. Angell got up and asked appellant to stop what he was doing. Appellant lowered the gun but did not put it down, so Angell started running again.

Angell ran across Forest Lane to a dentist's office and made a second 911 call. As he looked back to the condominium complex he saw maintenance personnel who appeared to be looking for him. Angell thought it was safe to return, but when he reached the property, appellant emerged from some bushes about twenty feet away. Because he assumed appellant still had a gun, Angell ran back out into the street. By this time, police officers were arriving and appellant was apprehended.

Phil Blankinship testified he is in charge of maintenance at the condominium complex. On the day of the offense, Blankinship was painting the front door of the office when he heard gunfire. Blankinship stepped outside and saw Angell fall down and then get up and take off running. Appellant had a gun and was running behind Angell. Appellant pointed the gun at Blankinship and asked, "Do you want some of this?" Blankinship hid behind a brick wall, heard a few more shots and saw Angell run out into Forest Lane. Angell returned soon after, but appellant chased him back into the street, where police arrested him.

At trial, the State asked one of the witnesses if she had ever known Angell to threaten anyone with violence. Thereafter, outside the presence of the jury, defense counsel informed the court that Angell was convicted of unlawfully carrying a firearm ("UCW") in 2003. Counsel argued, "[w]e feel that, that has opened the door by giving the jury the misconception of him being a law-abiding citizen, that statement alone, and we would like to call Mr. Angell to testify before the jury if he's had a UCW conviction or arrest." The trial court agreed with the prosecutor that a UCW conviction is not the same as a threat and is not a threatening crime. Angell was recalled outside the presence of the jury and testified that he had previously been convicted of unlawfully carrying a handgun. After hearing the argument of counsel, the trial court denied defense counsel's request to discuss this conviction in the presence of the jury.

**ANALYSIS**

In a single issue, appellant asserts the trial court abused its discretion when it denied the request to impeach Angell with evidence of his prior conviction for unlawfully carrying a firearm. According to appellant, the evidence was admissible because the State created a false impression that Angell was a law-abiding citizen.

We review a trial court's decision to admit or exclude evidence for an abuse of discretion. *Martinez v. State*, 327 S.W.3d 727, 736 (Tex. Crim. App. 2010). The decision to exclude evidence does not constitute an abuse of discretion unless the decision lies "outside the zone of reasonable disagreement." *See Walters v. State*, 247 S.W.3d 204, 217 (Tex. Crim. App. 2007).

Here, the prosecutor asked a witness, "Did you ever know [Angell] to threaten people with physical violence or with weapons?" The witness responded, "No." This testimony simply established that the witness was not aware of Angell engaging in threatening or violent behavior.

The court of criminal appeals has held that carrying a weapon is not per se violent or aggressive. *See Thompson v. State*, 659 S.W.2d 649, 654 (Tex. Crim. App. 1983). Instead,

whether the act of carrying a weapon is violent depends upon the circumstances. *Id.* When Angell was called to testify outside the presence of the jury, he testified only that he had been convicted of unlawfully carrying a weapon, specifically, a pistol. There was no testimony to establish that the circumstances of the prior conviction might be characterized as violent or aggressive, nor was there any indication that appellant was aware of the conviction and therefore apprehensive of some danger. Similarly, the question posed by the prosecutor did not pertain to Angell's reputation for following or disregarding the law, or whether he had been previously convicted of any offense. Under these circumstances, we cannot conclude that Angell's reputation as a law abiding citizen was at issue. *See Harris v. State*, 722 S.W.2d 436, 438–39 (Tex. App.—Dallas 1986, no pet.). Therefore, the trial court did not abuse its discretion in denying the introduction of Angell's prior conviction. Appellant's sole issue is overruled. The judgment of the trial court is affirmed.

/Kerry P. FitzGerald/
KERRY P. FITZGERALD
JUSTICE

Do Not Publish
TEX. R. APP. P. 47
111592F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

CURTIS WADE LINDSEY, Appellant

No. 05-11-01592-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court No. 6, Dallas County, Texas
Trial Court Cause No. F11-51562-X.
Opinion delivered by Justice FitzGerald.
Justices Bridges and Myers participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.


Judgment entered June 21, 2013


/Kerry P. FitzGerald/
KERRY P. FITZGERALD
JUSTICE



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

CURTIS WADE LINDSEY, Appellant

No. 05-11-01593-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court
No. 6, Dallas County, Texas
Trial Court Cause No. F11-51584-X.
Opinion delivered by Justice FitzGerald.
Justices Bridges and Myers participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered June 21, 2013

/Kerry P. FitzGerald/
KERRY P. FITZGERALD
JUSTICE