# JANUARY 9, 1935

MARTIN ALVARADO V. THE STATE.

No. 17019.  Delivered November 21, 1934.
Rehearing Denied January 9, 1935.
Reported in 77 S. W. (2d) 534.

The opinion states the case.

*H. D. Barrow* and *R. R. Smith*, both of Jourdanton, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—The appellant was tried and convicted of the offense of an assault with intent to murder, and his punishment assessed at confinement in the State penitentiary for a term of two years.

It appears from the record in this case that the appellant was in charge of and lived on Dillard Barrow's farm which was located on the south side of Atascosa creek and which was its northern boundary. The alleged assaulted party, Ivy Wilburn, lived on his father's farm which was located on the north side of said creek and which was its southern boundary. Between the two farms there was a water hole in the creek where both parties watered their live stock. Some ill-feeling arose between Ivy Wilburn, the alleged assaulted party, and appellant as a result of Wilburn's horses getting in appellant's field and appellant penning said horses and holding them until Wilburn came for them. On the first day of September, 1933, the appellant on horseback drove his stock to the creek for water where he met the said Ivy Wilburn who had also driven his stock to said place to water. The assaulted party testified that as he was walking along the north bank of said creek the appellant said to him, "That's where I want to get you," and began shooting at him with a 45 caliber pistol. The appellant testified that when he reached the creek he got off of his horse to let it drink and as he started to mount his horse Wilburn shot at him with a 22 rifle and then ran, whereupon he, the appellant, turned and fired three shots at Wilburn as he was running away. Wilburn denied having any gun and denied doing any shooting at the appellant. The appellant proved threats that were made by Wilburn against him and which had been communicated to him. He also testified that at the time he shot at Wilburn he feared that Wilburn was running to take shelter behind some tree from where he would renew his attack upon him and so believ-

ing he fired to protect himself against the unlawful and deadly assault of the said Wilburn. The appellant proved by a number of witnesses that Ivy Wilburn's reputation for truth and veracity was bad.

The appellant's first contention is that the indictment is insufficient in that it is indefinite and uncertain and fails to charge any offense against the laws of the State. We have examined the indictment and find it charges the offense in the same language as the indictment in the case of Smith v. State, 31 Texas Crim. Rep., 33, which was upheld by this court. See also Jackson v. State, 48 Texas Crim. Rep., 648.

The appellant in due time filed written objections to the court's charge, and specifically to paragraph 17 thereof on the ground that the charge on self-defense assumed that the appellant voluntarily assaulted said Ivy Wilburn in the way and manner alleged in the first count of the indictment. The court's charge reads as follows: "Now, bearing in mind the foregoing instructions, if you believe from the evidence that the defendant voluntarily assaulted the said Ivy Wilburn, in the way and manner alleged in the first count in the indictment, but you further believe from the evidence that at the time of such assault, if any, the said Ivy Wilburn, had made, was making, or was about to make an attack upon the defendant, which from the manner and character of it, and viewed from the standpoint of the defendant, caused the defendant to fire the shots at the said Ivy Wilburn, and caused the defendant to have a reasonable expectation of death or serious bodily injury, and that under such reasonable expectation or fear of death or serious bodily injury, said defendant assaulted the said Wilburn, if he did, then you are instructed that such assault would be justified, and if you so believe or if you have a reasonable doubt thereof, you will acquit the defendant, and say by your verdict not guilty."

The court further charged: "If from the evidence you believe the defendant assaulted the said Ivy Wilburn, but if you further believe from the evidence, or if you have a reasonable doubt thereof, that at the time of so doing the said Ivy Wilburn had made an attack on him which from the manner and character of it caused him to have a reasonable expectation or fear of death or serious bodily injury and that acting under such reasonable expectation or fear defendant attacked the said Ivy Wilburn, then you shall acquit him."

The court, in addition, charged on the law of threats and on aggravated assault. The appellant objected to the paragraph of the charge hereinabove first set forth because the charge im-

plied that appellant made an unlawful assault upon Ivy Wilburn, when he fired three shots at him, although he may have acted in his own self-defense against an attack upon him by Ivy Wilburn. While we do not approve of the charge in the language as given, yet in determining the correctness of any particular paragraph thereof or its prejudicial nature, the charge must be construed in its entirety and as a whole. Taking the charge as a whole, we do not think that the inaccurate manner in which it was framed could, under the testimony, have affected the appellant's right. Hence, under article 666, C. C. P., we would not be authorized in reversing the case. See Davis v. State, 56 S. W. (2d) 449; Gunn v. State, 252 S. W., 172.

The failure of the court to charge that the appellant being on his own premises had a right to arm himself was not error inasmuch as the court in his charge placed no limitation upon the appellant's right of self-defense. See Branch's Penal Code, sec. 1951.

By bill of exception No. 1 the appellant complains of the action of the trial court in permitting the sheriff to give the following testimony: "Some five, six or seven days afterwards I made an investigation and saw trees growing along the bank there. In a small willow I found where it looked like a bullet had went into it something like shoulder high from the ground. It showed to be a fresh bullet sign." He further testified that he did not know that that was the battle ground. The appellant objected to this testimony because it clearly appeared that the witness had no personal knowledge of the scene of the shooting. It was admitted by appellant that he fired three shots at the alleged assaulted party at the water hole at Atascosa creek between the land occupied by Ivy Wilburn and that occupied by the appellant. Therefore, the place where the shooting occurred was definitely fixed although the sheriff may not have had personal knowledge of the exact place where the shooting did occur. The objection went to the weight of the testimony rather than to its admissibility.

Bill of exception No. 2 relates to the same subject matter and is overruled for the same reason as bill of exception No. 1.

Finding no reversible error in the record, the judgment of the trial court is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

ON MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE.—From the appellant's testimony it is made to appear that he had a right to put certain animals in a pasture; that Ivy Wilburn, the injured party, turned the animals out on several occasions; that according to information coming to the appellant, Wilburn had threatened to take his life; that he had directly threatened to take the life of the appellant if he did not desist from putting the animals in the pasture mentioned. Finally, while appellant was in the pasture mentioned, he was fired upon by Wilburn. Immediately after a shot was fired by Wilburn, the appellant shot at him. After firing Wilburn retreated and appellant thought he was seeking a place from which he could fire with more safety to himself. Appellant fired five shots at Wilburn.

From Wilburn's testimony it appears that his landlord had ordered him to drive out of the pasture the stock which appellant had placed therein. Wilburn denied the possession of any firearms at the time he was injured and also denied shooting at the appellant.

The offense with which appellant was indicted was accurately defined in several paragraphs of the court's charge. The appellant's right to defend was also embraced in several of the charges. In paragraph 16 the jury was instructed in the following language: "A reasonable expectation or fear of death or serious bodily injury will excuse a party in using all necessary force in protecting his life or person, and you are charged that a person has the same right to defend himself against apparent danger as he would have were the danger real, provided, that such person acts under a reasonable apprehension of danger at the time, and in such case the party so acting under such reasonable apprehension of danger, real or apparent, is not bound to retreat in order to avoid the necessity of killing such assailant."

Paragraph 17 is copied in substance in the original opinion.

In Paragraph 18 the court elaborated on the appellant's right to apparent danger as it appeared from his standpoint.

In Paragraph 19 the jury was again told in the charge that if appellant assaulted Wilburn, he should be acquitted if Wilburn made any attack which, viewed from the appellant's standpoint, was of a character to produce in his mind a reasonable expectation or fear of death or serious bodily injury, and that if while under such expectation or fear the appellant attacked Wilburn, there should be an acquittal.

The court also gave an instruction in favor of the appellant on the law of threats.

In Paragraph 21 an instruction was given to the jury to the effect that if appellant had, in defending himself, made an attack or threatened attack, he would be innocent of crime if he acted upon real or apparent danger as viewed from his standpoint. From the charge we quote: "* * * or you believe that at the time of the assault said Ivy Wilburn had made, or was making, an unlawful assault or attack upon the defendant, or had done, or was doing, some act or acts, which either alone or together with accompanying words said of Ivy Wilburn, if any, produced in the defendant's mind, as viewed from his standpoint, a reasonable apprehension of an assault or of death or serious bodily injury at the hands of Ivy Wilburn, and that he committed such assault to protect himself from such danger or apparent danger, then said assault was in justifiable self-defense, and if you find, or if you have a reasonable doubt as to whether said assault was in justifiable self-defense or not, you will find the defendant not guilty."

From our re-examination of the record, we are constrained to conclude that no reversible error is revealed. As pointed out in the original opinion, the charge of the court must be appraised in its entirety and not upon any isolated parts. Moreover, as stated in the original opinion, the statute, article 666, C. C. P., is to the effect that a judgment shall not be reversed for any omission in the charge which, in the opinion of the appellate court, is not calculated to injure the appellant or his case.

The motion for rehearing is overruled.

*Overruled.*

HAWKINS, J., absent.