## BILLIE WILLIAMSON V. THE STATE.

No. 18249.   Delivered October 21, 1936.
Rehearing Denied December 23, 1936.

460

The opinion states the case.

*Futch & Strong* and *Jess O. Cooper,* all of Henderson, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—Appellant was convicted of the offense of murder without malice, and his punishment was assessed at confinement in the state penitentiary for a term of three years.

It appears from the record that appellant and the deceased were neighbors, owning adjoining farms. Sometime prior to the alleged homicide the deceased found that his bird dog had been killed in appellant's pasture. This created ill-feeling on the part of the deceased toward appellant. On the day of the homicide appellant and deceased met at a garage in the town of Tatum. The deceased accused appellant of having killed his dog and struck him with his fist, knocked him down, and then struck him several more blows. Some of the men who were present and witnessed the difficulty, took the deceased by the arm and asked him not to strike appellant any more. He replied that he did not intend to inflict any further punishment upon him as he had done what he wanted to and released appellant. Appellant immediately arose, hurriedly walked to his car, and took therefrom a pistol. The deceased sensed the danger and sought protection behind Mr. Metcalf, who also became alarmed at appellant's conduct and made a desperate effort to get out of what appeared to him to be a dangerous position, and as soon as he did deceased came into plain view and appellant shot him.

Appellant plead self-defense and in support of said plea testified that after deceased had ceased striking him, he arose, and went to his automobile with the purpose of going home; that about the time he opened the door of his car he noticed deceased was advancing upon him, which caused him to believe that the deceased would renew the assault; that he then took the pistol from the car and shot him.

By bill of exception number one appellant complains of the action of the court in declining to permit him to prove by the postmistress at Tatum that a short time prior to the fatal difficulty she had been advised by the United States Post Office Department that several post offices in East Texas, including the post office at Tatum, were slated to be robbed; that she was instructed to advise all post office employees to carry pistols or guns. This information was conveyed to appellant, who was a rural mail carrier out of Tatum, and in compliance with said instruction he carried a pistol and had it in his car on the day of the homicide. We do not deem it necessary to decide whether or not appellant had a legal right to carry a pistol while in the discharge of his duty as a mail carrier, because at the time of the homicide he was not in the performance of his duties as such. He had already completed his work for the day, had gone home, then to a neighbor's, then back

home, and then to town, and, therefore, his act in carrying a pistol was unlawful.

By bill of exception number two appellant complains of the action of the court in permitting the State to prove by Jack Hampton that he saw the deceased's dog in appellant's pasture about a week prior to the homicide; that he saw appellant shoot the dog three times; that after the killing of the dog appellant asked him, the witness, if he saw him kill the dog. Appellant objected to this testimony on the ground that it was irrelevant, immaterial, incompetent, and prejudicial in that it referred to another offense at a different time and place from the offense for which he was on trial and had no connection therewith except to show the cause of the trouble. This bill is insufficient to show any error in that it fails to set out the surrounding facts necessary to show within itself that the admission of the same was error. The bill shows nothing more than that the testimony was admitted over the appellant's objection and states the grounds of objection. The general rule is that a bill of exception should be made so full and certain in its statement as that in and of itself it will disclose all that will be necessary to manifest the supposed error, so that the court may determine from the bill itself without reference to the statement of facts or to other parts of the record whether the objection is well founded. See Texas Jurisprudence, Vol. 4, Sec. 216, 217; Branch's Anno. Penal Code; Sec. 207; Hicks v. State, 94 Texas Crim. Rep., 123.

Appellant urged a number of objections to paragraphs seventeen, eighteen, nineteen, and twenty of the court's charge relating to self-defense which, in substance, are: that the charge on self-defense does not pertinently apply the law to the facts; that it is a limitation on his right of self-defense; that it places the burden of proof on him; that it is on the weight of the evidence; that it is confusing and prejudicial in that the jury are instructed that appellant had the right to defend himself against the acts and conduct of Haywood Gray as well as against the acts and conduct of the deceased or both because there is no testimony that Haywood Gray did any act or spoke any word which would authorize such an instruction.

Paragraph seventeen is merely an instruction by the court to the jury of when and under what circumstances a homicide is justifiable.

Paragraph eighteen of the court's charge does not limit the appellant's right of self-defense to an assault upon him with

any particular weapon or instrument, or to an attack of a certain nature, but covers every kind and character of an unlawful attack or threatened attack by the deceased, and, therefore, said paragraph of the charge is not subject to the objections addressed thereto.

Paragraph nineteen of the court's charge, if considered alone, might appear to be confusing, but when the charge is considered as a whole, as it must be, and in the light of the entire testimony, we do not believe that it confused the jury or adversely affected the appellant's rights. See Howard v. State, 53 Texas Crim. Rep., 378, 111 S. W., 1038; Luckie v. State, 33 Texas Crim. Rep., 562. While the cases cited are not directly decisive of the point here raised, yet the legal principle therein announced is in our opinion applicable to the question in the instant case.

We have also examined the charge with reference to the abandonment of the conflict by the deceased, but under the authority of Bordeaux v. State, 58 Texas Crim. Rep., 61, we do not think appellant's contention can be sustained. In this case as in that case the court instructed the jury that if they found that deceased in good faith abandoned the conflict and defendant was in no danger of violence from the deceased and defendant knew the same and knowing the same, he shot and killed the deceased, he could not justify the killing on the ground of self-defense. It must be conceded that if there was an abandonment of the difficulty by the deceased, whether in good faith or bad faith, the jury under the instruction were required to find that appellant knew he was in no danger of violence from the deceased and with such knowledge he shot and killed the deceased, he could not justify it on the ground of self-defense. There was testimony introduced showing that the deceased had abandoned the difficulty, had walked away, and when appellant took the pistol from his car, the deceased sought shelter from the expected gun fire behind Mr. Metcalf. We think this testimony justified the instruction complained of by appellant.

Appellant's objection to the court's charge wherein the court instructed the jury that he had a right to defend himself against the apparent danger at the hands of Haywood Gray as well as against apparent danger at the hands of the deceased, might not have been justified by the testimony introduced at the trial. However, it occurs to us that this charge could not have injuriously affected appellant's legal right and

unless it did so, we would not be justified under art. 666, C. C. P., 1925, in reversing this case.

All other matters complained of have been carefully considered, but have failed to convince us that any reversible error was committed.

It is therefore ordered that the judgment of the trial court be and the same is in all things affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—In the motion for rehearing appellant renews his criticism of certain portions of the instructions to the jury. In order that we might pass understandingly on the points urged we have again carefully reviewed the facts, the court's charge and the objections thereto in the light of appellant's brief and motion for rehearing. It appears to us that the learned trial judge realized that it was his duty to submit every issue of fact to the jury regardless of whether the issue was raised by evidence for the State or for the appellant, and regardless of which party said issue might be determined in favor of. The facts called for a rather extended charge, and while some expressions or sentences therein, if standing alone, might be subject to criticism, we remain of the opinion that when considered in its entirety the jury could not have been confused thereby, nor appellant's rights in any way curtailed.

So believing, the motion for rehearing will be overruled and it is so ordered.

*Overruled.*