Herman L. WILLIAMS, Appellant,

v.

The STATE of Texas, Appellee.

No. 59989.

Court of Criminal Appeals of Texas,
Panel No. 3.

Sept. 23, 1981.

Rehearing Denied Nov. 4, 1981.

Kevin Cunningham, Houston, for appellant.

Carol S. Vance, Former Dist. Atty. & John B. Holmes, Jr., Dist. Atty. & Timothy G. Taft, Mike Wilkinson & Michael Kuhn, Asst. Dist. Attys., Houston, Robert Huttash, State's Atty., Austin, for the State.

Before TOM G. DAVIS, McCORMICK and TEAGUE, JJ.

OPINION

TEAGUE, Judge.

Appellant, charged by indictment with committing attempted murder, appeals his conviction for aggravated assault, a lesser included offense, with punishment assessed by a jury at two years' confinement in the Texas Department of Corrections.

Appellant does not challenge the sufficiency of the evidence.

■ At the outset, we note fundamental error that must be considered in the interest of justice, see Art. 40.09, Sec. 13, V.A.C. C.P., hereinafter cited as C.C.P.

The entire instruction to the jury, governing the offense of aggravated assault, is as follows:

Aggravated assault is a lesser included offense of that charged.

A person commits the offense of assault if he intentionally or knowingly causes bodily injury to another. The offense becomes aggravated assault if the person committing the assault uses a deadly weapon.

The term "deadly weapon" means a firearm or anything manifestly designed, made, or adapted for the purpose of inflicting death or serious bodily injury; or anything that in the manner of its use or intended use is capable of causing death or serious bodily injury.

Therefore, if you should find from the evidence that the defendant is not guilty [sic] of either the offense of attempted murder or attempted voluntary manslaughter, but believe [sic] from the evidence beyond a reasonable doubt that the defendant did commit the offense of aggravated assault, then you will find the defendant guilty of the offense of aggravated assault.

If you do not so believe, or if you have a reasonable doubt thereof, you will find the defendant not guilty.

If you should find from the evidence that the defendant is not guilty of the offense of aggravated assault, or of any offense defined in this charge, or if you have a reasonable doubt thereof, you should acquit the defendant and say by your verdict not guilty.

■ The indictment in this cause alleges in pertinent part that appellant "on or about February 22, 1976, did then and there unlawfully attempt to cause the death of Billy Floyd by shooting him with a shotgun, having intent to commit murder." This alleges the offense of attempted murder under V.T.C.A. Penal Code, Secs. 19.02(a)(1) and 15.01. See Telfair v. State, 565 S.W.2d 522 (1978); Dovalina v. State, 564 S.W.2d 378 (1978). Aggravated assault may be a lesser included offense of attempted murder, see Watson v. State, 605 S.W.2d 877 (1980); Garrett v. State, 573 S.W.2d 543 (1978); and Cato v. State, 534 S.W.2d 135 (1976). The trial court so found from the evidence adduced in the trial of this cause when it gave the instruction on the lesser included offense of aggravated assault.

In Williams v. State, 547 S.W.2d 18, 20 (1977), a majority of this Court, speaking through Judge Odom, said:

The law must come from the court, the facts must be decided by the jury, and

the charge, to instruct the jury properly, must apply the law to the facts raised by the evidence. It is not sufficient for the jury to receive an abstract instruction on the law and then to render a verdict according to a general conclusion on whether the law has been violated . . . . An abstract charge does not inform the jury of what facts, if found by it, would constitute proof of the elements of the offense.

■ Thus, the court's charge rather than state mere abstract propositions of law and general principles contained in the statutes, must clearly apply the law to the very facts in the case. See Harris v. State, 522 S.W.2d 199, 202 (1975). In Harris, "The charge [failed] to apply the law of rape to the evidence, and the jury was not instructed under what circumstances they should convict, or under what circumstances they should acquit." In Williams, supra, the charge only instructed the jury concerning the law and certain facts. However, at no time in the charge was the jury specifically instructed under what circumstances they should convict, or under what circumstances they should acquit the defendant.

■ In the case at bar, the charge contained certain abstract principles governing the law of aggravated assault, but at no time was there an application of those principles of law to the specific facts of the case. The charge left the jury to conjecture over what specific facts would be applicable to these principles governing the law of aggravated assault.

In the trial court's submission of the lesser included offense of aggravated assault, in the paragraph under which appellant was convicted, the court merely charged the jury as follows:

\* \* \*

Therefore, if you should find from the evidence that the defendant is not guilty of either the offense of attempted murder or attempted voluntary manslaughter, but believe [sic] from the evidence beyond a reasonable doubt that the defendant did commit the offense of aggra-

vated assault, then you will find the defendant guilty of the offense of aggravated assault.

This charge fails to instruct the jury as to which of appellant's actions, if believed true beyond a reasonable doubt, would constitute aggravated assault. See also V.T.C.A. Penal Code, Sec. 22.02. The charge, as given, "fails to state *and apply* the law under which the accused is prosecuted." *Harris v. State*, 522 S.W.2d 199, 202 (1975). (emphasis added). Although the charge does instruct the jury "if . . . the defendant did commit . . . aggravated assault, then [they] will find the defendant guilty of the offense of aggravated assault," Cf. *Ex parte Clark*, supra; *Idrogo v. State*, 589 S.W.2d 433 (1979); *Perez v. State*, 537 S.W.2d 455 (1976); and *Harris v. State*, supra, it does not instruct the jury under what set of circumstances or facts of the case they should acquit or convict the appellant of the offense of aggravated assault. This error goes to the very basis of the case and requires reversal.

The importance of giving proper and complete instructions to a jury by a trial court should never be questioned, especially when one considers the very obvious purpose the charge serves:

The very purpose of a jury charge is to flag the jurors' attention to concepts that must not be misunderstood . . . *Lakeside v. Oregon*, 435 U.S. 333, 340, 98 S.Ct. 1091, 1095, 55 L.Ed.2d 319 (1978).

For the above and foregoing reasons, the judgment is reversed and the cause is remanded.