**Eduardo Garcia ANTUNEZ, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 63725.**

Court of Criminal Appeals of Texas, En Banc.

Feb. 9, 1983.

Dissenting Opinion on Motion for Rehearing Without Written Opinion March 30, 1983.

---

Dick Stengel, El Paso, for appellant.

Steve W. Simmons, Dist. Atty., and Stuart Leeds, Asst. Dist. Atty., El Paso, Robert Huttash, State's Atty., and Alfred Walker, Asst. State's Atty., Austin, for the State.

## OPINION

CLINTON, Judge.

Appellant was charged by indictment with the offense of aggravated robbery, V.A.T.S. Penal Code, § 29.03(a)(2), and was found by a jury to be guilty of the lesser included offense of robbery. Section 29.02, supra. Punishment, enhanced by a prior conviction, was assessed at life imprisonment. Section 12.42(b), supra. At the outset we confront unassigned fundamental error in the jury charge on guilt or innocence, which we consider in the interest of justice. Article 40.09, § 13, V.A.C.C.P.

The court instructed the jury in pertinent part as follows:

"Now if you find from the evidence beyond a reasonable doubt that on or about the 6th day of March, 1979, in El Paso County, Texas, the defendant, EDUARDO GARCIA ANTUNEZ, did then and there unlawfully while in the course of committing theft and with intent to obtain property of ROBERT URRUTIA, to-wit: American Currency, without the effective consent of the said ROBERT URRUTIA, with intent to deprive the said ROBERT URRUTIA of said property, did then and there by using and exhibiting a deadly weapon, to-wit: a knife that in the manner of its use and intended use was capable of causing death and serious bodily injury, intentionally and knowingly threaten and place ROBERT URRUTIA in fear of imminent bodily injury and death, then you will find the defendant GUILTY of aggravated robbery as charged in the indictment (Verdict Form 'B').

If you find from the evidence beyond a reasonable doubt that the defendant, EDUARDO GARCIA ANTUNEZ, committed the offense of robbery as herein defined, but you have a reasonable doubt as to whether he used or exhibited a deadly weapon in committing said robbery, then you will find the defendant guilty only of robbery, and not of aggravated robbery (Verdict Form 'B–1')."

The court's charge, rather than merely stating abstract propositions of law and general principles contained in the statutes, must clearly apply the law to the very facts of the case. *Williams v. State*, 622 S.W.2d 578 (Tex.Cr.App.1981). In the present case the charge contained certain

abstract principles governing the law of robbery but did not apply those principles to the specific facts of this case. The charge left the jury to speculate about which specific actions on appellant's part, if believed true beyond a reasonable doubt under the evidence of this case, would constitute the offense of robbery. For that reason the judgment must be reversed and the cause remanded.

ONION, P.J., and W.C. DAVIS, McCORMICK and CAMPBELL, JJ., dissent.

## DISSENTING OPINION ON OVERRULING OF STATE'S MOTION FOR LEAVE TO FILE MOTION FOR REHEARING WITHOUT WRITTEN OPINION

ONION, Presiding Judge.

Color me amazed again, this time with a shade of deep concern. See *Aldrighetti v. State*, 507 S.W.2d 770, 775 (Tex.Cr.App. 1974) (dissenting opinion). The bare majority of five judges overrules the State's motion for leave to file a motion for rehearing without written opinion. Such action is incredible given the circumstances of this case.

On original submission the conviction was reversed because of "unassigned fundamental error" in the court's charge at the guilt stage of the trial. There was no objection to the charge, no ground of error on appeal was raised and yet the majority found fundamental error in the charge relating to the lesser included offense of which appellant was convicted.

Appellant was charged by indictment with aggravated robbery. He was found guilty by the jury of the lesser included offense of robbery. After the jury found as true the allegations of a prior conviction for aggravated robbery, punishment was assessed by the jury at life imprisonment.[1]

V.T.C.A., Penal Code, § 29.02 (Robbery), provides:

1. The indictment alleged two prior felony convictions for enhancement of punishment. Only

"(a) A person commits an offense if, in the course of committing theft as defined in Chapter 31 of this code and with intent to obtain or maintain control of the property, he:

"(1) intentionally, knowingly, or recklessly causes bodily injury to another; or

"(2) intentionally or knowingly threatens or places another in fear of imminent bodily injury or death.

"(b) An offense under this section is a felony of the second degree."

V.T.C.A., Penal Code, § 29.03 (Aggravated Robbery), provides:

"(a) A person commits an offense *if he commits robbery* as defined in Section 29.02 of this code, *and he:*

"(1) causes serious bodily injury to another; or

"(2) *uses or exhibits a deadly weapon.*

"(b) An offense under this section is a felony of the first degree." (Emphasis supplied.)

It is clear from the above that robbery can become aggravated robbery if the defendant uses or exhibits a deadly weapon. § 29.03(a)(2). It is also well established that robbery is a lesser included offense of aggravated robbery. See Article 37.09, V.A.C.C.P.

Appellant was indicted for the primary offense of aggravated robbery under said § 29.03(a)(2). In the charge the court abstractly instructed the jury:

"The defendant, EDUARDO GARCIA ANTUNEZ, stands charged by indictment with the offense of aggravated robbery, alleged to have been committed on or about the 6th day of March, 1979.

"To this charge the defendant has pleaded not guilty.

"In this connection, you are given the following definitions:

"A person commits robbery if, in the course of committing theft and with in-

one prior conviction was submitted to the jury.

tent to obtain or maintain control of the property, he intentionally or knowingly threatens or places another in fear of imminent bodily injury or death.

"A person commits aggravated robbery if he commits robbery and he uses or exhibits a deadly weapon."

Other appropriate terms were then defined. The court in applying the law to the facts charged the jury:

"Now, if you find from the evidence beyond a reasonable doubt that on or about the 6th day of March, 1979, in El Paso County, Texas, the defendant, EDUARDO GARCIA ANTUNEZ, did then and there unlawfully while in the course of committing theft and with intent to obtain property of ROBERT UR-RUTIA, to-wit: American Currency, without the effective consent of the said ROBERT URRUTIA, with intent to deprive the said ROBERT URRUTIA of said property, did then and there by using and exhibiting a deadly weapon, to-wit: a knife that in the manner of its use and intended use was capable of causing death and serious bodily injury, intentionally and knowingly threaten and place ROBERT URRUTIA in fear of imminent bodily injury and death, then you will find the defendant GUILTY of aggravated robbery as charged in the indictment (Verdict Form 'B').

"If you find from the evidence beyond a reasonable doubt that the defendant, EDUARDO GARCIA ANTUNEZ, committed the offense of robbery as herein defined, but you have a reasonable doubt as to whether he used or exhibited a deadly weapon in committing said robbery, then you will find the defendant guilty only of robbery, and not of aggravated robbery (Verdict Form 'B–1').

"If you have a reasonable doubt as to whether the defendant is guilty of any offense, that is, aggravated robbery or robbery, then you will acquit the defendant and say by your verdict NOT GUILTY (Verdict Form 'A')."

The charge given was in accord with McClung's "Jury Charge for Texas Criminal Practice" (1981), pp. 145–148. There was no objection to said charge nor any special requested charges. See Articles 36.14 and 36.15, V.A.C.C.P.

In the charge the trial court informed the jurors as to the facts which they must find in order to convict for *aggravated* robbery. Immediately thereafter, after having earlier and abstractly told the jurors that a person commits aggravated robbery if he commits robbery *and* uses or exhibits a deadly weapon, the court instructed the jurors that in order to convict for robbery, they must find the same facts necessary for a conviction for aggravated robbery, except that they must have a reasonable doubt as to whether a deadly weapon was used or exhibited.

At the guilt stage of the trial the jury returned the following verdict:

"We, the Jury, in the above entitled and numbered cause, find the defendant, EDUARDO GARCIA ANTUNEZ, GUILTY of the lesser included offense of robbery.

/s/ Blanca S. Orona
FOREMAN"

It is obvious that the jurors knew they were convicting the appellant of the lesser included offense and not the offense actually charged in the indictment.

Appellate courts should view the charge as a whole, and review should not be limited to parts of the charge standing alone. *Jackson v. State,* 591 S.W.2d 820 (Tex.Cr. App.1979); *Slagle v. State,* 570 S.W.2d 916 (Tex.Cr.App.1978); *Crocker v. State,* 573 S.W.2d 190 (Tex.Cr.App.1978); *Pittman v. State,* 554 S.W.2d 190 (Tex.Cr.App.1977); 12A Tex.Digest, Crim.Law, § 822(1). All of the jury instructions must be looked to in determining whether a particular portion is erroneous. *Mobley v. State,* 89 Tex.Cr.R. 646, 232 S.W. 531 (Tex.Cr.App.1921); *Gunn v. State,* 95 Tex.Cr.R. 276, 252 S.W. 172 (Tex.Cr.App.1923); *Alvarado v. State,* 127 Tex.Cr.R. 499, 77 S.W.2d 534 (Tex.Cr.App. 1934). The reviewing court does not consider isolated portions of the jury instructions which in themselves appear to be prejudicial but views the charge as a whole,

*Crocker v. State,* supra, and the whole should then be given a reasonable interpretation. *Rogers v. State,* 130 Tex.Cr.R. 629, 95 S.W.2d 108 (Tex.Cr.App.1936); *Williamson v. State,* 131 Tex.Cr.R. 459, 99 S.W.2d 606 (Tex.Cr.App.1936). If it then appears to fairly present the law applicable to the facts, it will be deemed sufficient. *Conn v. State,* 143 Tex.Cr.R. 367, 158 S.W.2d 503 (Tex.Cr.App.1941).

Only recently the Court of Appeals (Houston—14th Dist.) held that where there has been no objection to the charge, as in the instant case, it is appropriate to view the charge as a whole to determine whether error in the charge was fundamental. *Didion v. State,* 625 S.W.2d 436 (Tex.App. 1981), citing *Robinson v. State,* 596 S.W.2d 130 (Tex.Cr.App.1980).

When the charge is reviewed as a whole, there is clearly no error, much less fundamental error. Of course, there may be other ways to submit the lesser included offense or even better way, but this does not render the manner of submission in the instant case was erroneous. The charge did not, as the opinion on original submission states, leave "the jury to speculate about which specific actions on appellant's part, if believed true beyond a reasonable doubt under the evidence of this case, would constitute the offense of robbery." Rather than leaving to the jurors to "speculate" about the facts necessary to constitute the lesser included offense of robbery, the trial court in its charge very effectively and intelligently informed the jurors of such facts.

It is true that fundamental error exists where the court in its charge utterly fails to apply the law to the facts. *Perez v. State,* 537 S.W.2d 455 (Tex.Cr.App.1976); *Harris v. State,* 522 S.W.2d 199 (Tex.Cr.App.1975); *Williams v. State,* 547 S.W.2d 18 (Tex.Cr. App.1977); *Ex parte Clark,* 597 S.W.2d 760 (Tex.Cr.App.1979). And few would quarrel with the statement in the opinion on original submission that the court's charge, rather than merely stating abstract propositions of law and general principles continued in the statutes must clearly apply the law to the very facts of the case citing *Williams v. State,* 622 S.W.2d 578 (Tex.Cr.App.1981). This, however, is not the situation in the instant case, as we have seen, and the rule of fundamental error mentioned above has no application.

I must express my growing concern about the all too frequent practice of isolating only a portion of the charge and imaging fundamental error without considering the charge as a whole. My concern is heightened when such "fundamental error" is transformed into an unassigned ground of error "in the interest of justice" where there was no objection at trial and no complaint on appeal.

The action of the majority in the instant case is surprising in view of the court's recent decision in *McClure v. State* (Tex. Cr.App. # 62,125, 3/9/83). There the court en banc held that the panel on original submission should not have considered the erroneous admission of evidence as an unassigned ground of error. The *McClure* en banc court wrote:

"Just as error at trial may be waived by failure to object, an appeal error may be abandoned by failure to assert it in the brief. Because the issue was not raised by appellant before this Court, the panel should not have considered it. The matter does not constitute fundamental error that should be considered in the interest of justice...."

The *McClure* en banc opinion apparently has not survived long enough for McClure's motion for rehearing to be considered. So much for the short life of the *McClure* opinion despite the fact that the author of *McClure* and several other judges voting therefor constitute part of today's bare majority in the instant case. It is difficult for the bench and bar to determine which road this court seems to be traveling. Our weekly maps are utterly useless.

I dissent to the totally uncalled, completely unwarranted action of the majority in reversing this case.

W.C. DAVIS, McCORMICK and CAMPBELL, JJ., join in this opinion.