Dennis NEWTON, Appellant,

v.

The STATE of Texas, Appellee.

No. 64513.

Court of Criminal Appeals of Texas, En Banc.

April 13, 1983.

Lanny Voss, Plainview, for appellant.

Marvin F. Marshall, Dist. Atty. and Ron Felty, Asst. Dist. Atty., Plainview, Robert Huttash, State's Atty., and Alfred Walker, Asst. State's Atty., Austin, for the State.

## OPINION

CLINTON, Judge.

Appellant was charged by indictment with the offense of aggravated robbery, V.A.T.S. Penal Code, § 29.03(a)(2), and was found by a jury to be guilty of the lesser included offense of robbery. Section 29.02, supra. Punishment was assessed at imprisonment for twenty years. At the outset we confront unassigned fundamental error in the jury charge on guilt or innocence, which we consider in the interest of justice.[1] Article 40.09, § 13, V.A.C.C.P.

The court instructed the jury in pertinent part as follows:

"Therefore, if you believe from the evidence beyond a reasonable doubt that the defendant, Dennis Newton, heretofore on or about March 23, 1979 in Hale County, Texas while in the course of committing theft and with intent to appropriate property of Cathy Landa, to wit: current money of the United States without the effective consent of the said Cathy Landa and with intent to deprive the said Cathy Landa of said property, did then and there by using and exhibiting a deadly weapon, to wit: a pistol, intentionally and knowingly place Cathy Landa in fear of immient [sic] bodily jnjury [sic], you will find the defendant guilty of aggravated robbery.

*If you find from the evidence that the defendant committed the offense of robbery,*[2] *as herein defined, but you have a reasonable doubt as to whether he used or exhibited a deadly weapon in committing said robbery, then you will find the defendant guilty only of robbery, and not of aggravated robbery.*

If you have a reasonable doubt as to whether the defendant is guilty of any offense, that is, aggravated robbery or robbery, then you will acquit the defendant and say by your verdict not guilty."

The court's charge, rather than merely stating abstract propositions of law and general principles contained in the statutes, must clearly apply the law to the very facts of the case. *Williams v. State,* 622 S.W.2d 578 (Tex.Cr.App.1981). In the present case the charge contained certain abstract principles governing the law of robbery but did not apply those principles to the specific facts of this case.[3] The charge left the jury to speculate about which specific actions on appellant's part, if believed true beyond a reasonable doubt under the evidence of this case, would constitute the offense of robbery. *Antunez v. State,* 647 S.W.2d 649 (Tex.Cr.App.1983).

---

1. Appellant complains in a pro se supplemental brief that the court's charge, "in applying the law to the facts, authorizes a conviction on the theory alleged in the indictment [aggravated robbery] and on a theory not alleged in the indictment [robbery]."

2. All emphasis is supplied throughout by the writer of this opinion unless otherwise indicated.

3. See, e.g., Texas Criminal Jury Pattern Charges § CPJC 29.03(a)(2), Willson's Criminal Forms Annotated, Morrison and Blackwell § 99.02, 8 Texas Practice at 372.

For that reason the judgment must be reversed and the cause remanded.

McCORMICK, Judge, dissenting.

Because the majority has again erroneously decided the issue presented in this case, I must register my dissent. Although not assigned as error by the appellant, the majority elevates the issue in this case to the level of fundamental error which they have considered in the interest of justice. The same issue was recently before the Court in *Antunez v. State,* 647 S.W.2d 649 (1983). Being in total agreement with Presiding Judge Onion on this point, I hereby adopt his dissenting opinion on the overruling of State's motion for leave to file motion for rehearing without written opinion in that case.

I dissent.

ONION, P.J., and W.C. DAVIS and CAMPBELL, JJ., join in this dissent.