**Thomas Andrew SHANNON, Jr., Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 6–83–007–CR.**

Court of Appeals of Texas, Texarkana.

Dec. 18, 1984.

---

Bill Pemberton, Joe Weis, Greenville, for appellant.

F. Duncan Thomas, Dist. Atty., Greenville, for appellee.

BLEIL, Justice.

The State tried Thomas Shannon, Jr., for the offense of aggravated robbery but the jury convicted him of the lesser included offense of robbery. His appeal hinges on whether the court's charge failed to apply the law to the facts of this case and, if so, whether that failure constitutes fundamen-

---

tal error. We would resolve these issues in favor of the State and affirm were it not for a recent decision of the Court of Criminal Appeals which, we believe, compels us to reverse the case.

As a preliminary instruction the court informed the jury that,

> Our law provides that a person commits the offense of robbery if, in the course of committing theft, as that term is hereinafter defined, and with intent to obtain property of another he intentionally or knowingly threatens or places another in fear of imminent bodily injury.
>
> The offense is aggravated robbery if the person committing robbery uses or exhibits a deadly weapon.

Then, in pertinent part, the court gave this instruction to the jury:

> Now if you find from the evidence beyond a reasonable doubt that THOMAS ANDREW SHANNON, JR. in Hunt County, Texas, on or about the 21st day of May, 1982, while in the course of committing theft and with the intent to obtain property of Timmy Cross, to-wit: United States currency without the effective consent of the said Timmy Cross and with the intent to deprive the said Timmy Cross of said property, did then and there by using or exhibiting a deadly weapon, to-wit: a firearm, intentionally and knowingly place Timmy Cross in fear of imminent bodily injury or death then you will find the defendant, THOMAS ANDREW SHANNON, JR. guilty of Aggravated Robbery as charged in the indictment.
>
> Unless, you so find beyond a reasonable doubt, or if you have a reasonable doubt thereof, you will acquit the defendant of Aggravated Robbery.
>
> If you find from the evidence beyond a reasonable doubt that the defendant committed the offense of robbery, as defined herein, but you have a reasonable doubt as to whether he exhibited a deadly weapon, to-wit: a firearm, in the commission of said robbery, then you will find the defendant guilty of robbery only, and not aggravated robbery.

> If you have a reasonable doubt as to whether the defendant is guilty of any offense, that is, aggravated robbery or robbery, then you will acquit the defendant and say by your verdict not guilty.

Shannon failed to object to the charge on the basis that it did not apply the law to the facts in the instruction covering robbery.

■ We initially must consider whether the court's charge failed to apply the law to the facts of the case. Shannon, citing *Williams v. State*, 622 S.W.2d 578 (Tex.Cr. App.1981), urges that the court's charge may not merely state abstract propositions of law but must clearly apply the law to the very facts of the case. We accept as valid the principle of law announced in *Williams v. State*, supra. But, it does not necessarily follow that the charge of the court in this case did not apply the law of robbery to the facts. No question exists about whether the charge applied the proper principles of law to the specific facts concerning aggravated robbery. Viewing the court's charge as a whole, we conclude that the instruction of the court on robbery adequately applies the law to the facts.

■ Robbery is a lesser included offense of aggravated robbery. Tex.Code Crim. Proc.Ann. art. 37.09 (Vernon 1981). The charge plainly informed the jury as to the facts they must find in order to convict for aggravated robbery. Then it told the jury that if they had a reasonable doubt concerning whether a deadly weapon was used, they should find him guilty only of robbery and not guilty of the offense of aggravated robbery. The court's charge concerning aggravated robbery and the lesser included offense of robbery is that suggested by Paul J. McClung in *"Jury Charges for Texas Criminal Practice"* (1981), pp. 147–148. McClung's treatise has been widely accepted by the bar and generally used as a bench book for the trial courts of this state. We believe the charge of the court adequately applies the law to the facts, not because it was in accord with McClung's suggested instruction, but because it is the most sensible manner in which to instruct the jury.

The application of the law to the facts of aggravated robbery followed by a provision that if the jury is not convinced that a deadly weapon was used in the robbery it should find the defendant guilty only of robbery, not aggravated robbery, seems to be a sound and logical way to instruct the jury. To require the court to apply the law to the facts on the primary offense charged and to repeat the same law and facts, minus an element, on each lesser included offense tends to confuse the jury. It should not be encouraged or required in this state.

However, as an intermediate court we are bound to follow the law announced by higher courts. The Court of Criminal Appeals in the case of *Antunez v. State*, 647 S.W.2d 649 (Tex.Cr.App.1983) addressed a charge almost identical to the instant one, wherein the defendant was charged with aggravated robbery and convicted of the lesser included offense of robbery. The five judge majority, citing *Williams v. State*, supra, and—without discussion—concluded that the charge only contained certain abstract principles of law but failed to apply those principles to the facts. It also concluded that the charge left the jury to speculate about which specific acts would constitute the offense of robbery. The conclusion of the majority neglects to discuss any reason for their decision. Because of the *Antunez* decision, we are constrained to hold that the trial court's charge erroneously neglected to apply the law to the facts.

Having found error we must determine whether it is fundamental. Until recently, appellate courts of this state in criminal cases have consistently held that where no objection is made to the court's charge, the judgment will not be reversed because of an error in the charge unless a defendant is deprived of a fair and impartial trial. *Harris v. State*, 522 S.W.2d 199 (Tex.Cr.App. 1975); *Peterson v. State*, 508 S.W.2d 844 (Tex.Cr.App.1974); Tex.Code Crim.Proc. Ann. art. 36.19 (Vernon 1981). In deciding *Antunez*, the Court simply pronounced that it confronted unassigned fundamental error in the jury charge, which it con-

sidered in the interest of justice. Tex.Code Crim.Proc.Ann. art. 40.09, § 13 (Vernon 1979). Presiding Judge Onion, in his dissenting opinion, expressed alarm about the frequent practice of isolating a small portion of the charge, finding error, and labeling it fundamental, to be considered "in the interest of justice." Courts have long known to determine error by looking to the charge as a whole rather than limited parts standing alone. *Jackson v. State*, 591 S.W.2d 820 (Tex.Cr.App.1979); *Slagle v. State*, 570 S.W.2d 916 (Tex.Cr.App.1978).

The error of the trial court, if any, is so slight and not of the type calculated to deprive the defendant of a fair trial. Thus, any error should not be labeled fundamental. When an error is considered fundamental although there was no objection to the charge and the charge can be understood upon a plain reading, it is not justice to the defendant to reverse the case. Rather, a windfall to the defendant results.

The *Antunez v. State*, supra, decision is the product of a seemingly logical progression. In *Harris v. State*, supra, the charge of the court in a rape case wholly failed to apply the law to the facts of the case. Footnote one in that opinion quotes the entire court's charge. Nowhere did that trial court tell the jury what it had to find in order to convict the defendant and the Court of Criminal Appeals properly reversed on fundamental error because of the total failure to apply the law to the facts. Again, in *Williams v. State*, supra, the defendant was charged with attempted murder and convicted of aggravated assault. There the jury was informed that if they did not find from the evidence the defendant was guilty of murder or attempted voluntary manslaughter, but believed from the evidence beyond a reasonable doubt that the defendant committed aggravated assault, then it would find the defendant guilty of aggravated assault. There, the Court of Criminal Appeals properly held that the charge left the jury to speculate concerning what facts would be applicable to legal principles governing aggravated assault. However, in deciding

822

*Antunez v. State,* supra, we believe the Court of Criminal Appeals failed to draw the line between a charge which would make little sense to a jury concerning a particular offense and a charge, like the one in this case, which gives the jury all of the applicable law and facts it could, within reason, need.

We would hold that the trial court did not err in its charge to the jury, but that if it did, the error was not fundamental. Additionally, Shannon claims that the trial court erred in denying him his constitutional right to confront and cross-examine witnesses. We find no merit to this contention and would hold against Shannon on that issue also. Because of the court's decision in *Antunez v. State,* supra, however, we must reverse the judgment of conviction.

We reverse the trial court's judgment and remand the cause.