Thomas Andrew **SHANNON, Jr.**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 6–83–007–CR.

Court of Appeals of Texas, Texarkana.

Jan. 7, 1986.

Discretionary Review Refused April 30, 1986.

Bill Pemberton, Joe Weis, Greenville, for appellant.

F. Duncan Thomas, Dist. Atty., Greenville, for appellee.

BLEIL, Justice.

Thomas Shannon originally appealed his conviction for robbery to this Court. In the indictment, he was charged with aggravated robbery. The jury convicted him of the lesser included offense of robbery.

This Court originally reversed the conviction because we concluded that under *Antunez v. State,* 647 S.W.2d 649 (Tex.Crim. App.1983), the trial court's charge to the jury contained fundamental error because it neglected to apply the law of the lesser included offense of robbery to the facts. *Shannon v. State,* 683 S.W.2d 819 (Tex. App.—Texarkana 1984), *rev'd,* 698 S.W.2d 153 (Tex.Crim.App.1985).

After our decision, the Court of Criminal Appeals issued its opinion on the State's motion for rehearing in *Almanza v. State,* 686 S.W.2d 157 (Tex.Crim.App.1984). Under *Almanza,* when there is no proper objection to the court's charge, a case will be reversed only if there is egregious harm, that is only if the error within the charge is so egregious and created such harm that an accused did not have a fair and impartial trial. The harm is to be assayed in light of the entire jury charge, the state of the evidence, the argument of counsel and any other relevant information revealed by the record of the trial as a whole. In *Almanza,* the court reversed all other inconsistent decisions of that court which held that any error in the charge requires automatic reversal. Thus, the basis for our reversal of Shannon's conviction no longer exists.

The Court of Criminal Appeals has remanded this case to this Court for a determination of whether the failure of the trial court to apply the law of the lesser included offense of robbery to the facts, after properly charging on aggravated robbery, was an error so egregious and creating such harm that Shannon did not have a fair and impartial trial. *Shannon v. State,* 698 S.W.2d 153, *supra.* As we stated in our previous opinion, the trial court's error was slight and not of the type calculated to deprive the defendant of a fair trial. We conclude that any error in the charge was not so egregious as to deny Shannon a fair trial.

We affirm the judgment of conviction.