

## NUMBERS
## 13-12-00661-CR
## 13-12-00662-CR
## 13-12-00663-CR

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI - EDINBURG

---

**STEVEN N. WASHINGTON,**                                              **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                               **Appellee.**

---

### On appeal from the Criminal District Court No. 3
### of Tarrant County, Texas.

---

## MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Garza and Perkes
Memorandum Opinion by Chief Justice Valdez**

By one issue, appellant, Steven N. Washington, challenges the sentence for his

conviction for burglary of a habitation. *See* TEX. PENAL. CODE ANN. § 32.02 (West 2011).

Appellant contends that the sentence imposed by the trial court is cruel, unusual and

disproportionate to the seriousness of the alleged offense.  *See* U.S. CONST. amend. VIII, XIV; TEX. CONST. art. I, § 13.  We affirm.

## I.    BACKGROUND

Appellant was charged by indictment with three counts of burglary of a habitation.[1]  *See* TEX. PEN. CODE ANN. § 32.02.  He entered an open plea of guilty to each of the three counts and pleaded true to the felony enhancement paragraph, which alleged that he had previously been convicted or adjudicated of felony burglary of a habitation.  The trial court held a punishment hearing, sentenced appellant to twenty years' imprisonment on each count, and ordered the sentences to run concurrently. This appeal ensued.

## II.    APPLICABLE LAW AND ANALYSIS

In his sole issue, appellant contends that the sentence imposed by the trial court is cruel, unusual, and disproportionate to the seriousness of the offense committed. The Eighth Amendment to the United States Constitution, which applies to punishments imposed by state courts through the Due Process Clause of the Fourteenth Amendment, provides that "[e]xcessive bail shall not be required, nor excessive fine imposed, nor cruel and unusual punishment inflicted."  *See* U.S. CONST. amend. XIV; *see also* TEX. CONST. art. I, § 13 (providing for the same right in the Texas Constitution). Yet, it is possible for this right, and every constitutional or statutory right, to be waived by a "failure to object."  *Smith v. State*, 721 S.W.2d 844, 855 (Tex. Crim. App. 1986).

Generally, to preserve error for appellate review, a party must present a timely objection to the trial court, state the specific grounds for the objection, and obtain a

---

[1] This case is before this Court on transfer from the Second Court of Appeals in Fort Worth pursuant to an order issued by the Supreme Court of Texas.  *See* Tex. Gov't Code Ann. § 73.001 (West 2005).

ruling. TEX. R. APP. P. 33.1(a). The failure to specifically object to an alleged disproportionate or cruel and unusual sentence in the trial court or in a post-trial motion waives any error for our review. *Noland v. State*, 264 S.W.3d 144, 151 (Tex. App.—Houston [1st Dist.] 2007, pet. ref'd) ("[I]n order to preserve for appellate review a complaint that a sentence is grossly disproportionate, constituting cruel and unusual punishment, a defendant must present to the trial court a timely request, objection, or motion stating the specific grounds for the ruling desired."); *Trevino v. State*, 174 S.W.3d 925, 928 (Tex. App.—Corpus Christi 2005, pet. ref'd) (providing that "by failing to object to the trial court's sentence, [the appellant] forfeited his complaint" that the sentence was cruel and unusual); *see also Daliet v. State*, No. 13-11-00611-CR, 2013 Tex. App. LEXIS 3871, at *5 (Tex. App.—Corpus Christi Mar. 28, 2013, pet. ref'd) (mem. op., not designated for publication) (holding in regard to an appeal on proportionality of sentencing that, "appellant acknowledges that no objection was made to the sentence in the trial court, but invites us to review the sentence under our inherent power. The error being unpreserved, we decline the invitation.").

Appellant complains for the first time on appeal that his constitutional rights have been violated because the sentence imposed by the trial court is cruel, unusual, and grossly disproportionate to the offense committed. The record reveals, and appellant acknowledges in his appellate brief, that he did not object to the sentence at the punishment hearing or in any post-trial motion. Regardless, in his brief, appellant asks us to "consider this error in the interest of justice." However, to support his request, he only cites cases involving unassigned error, which he claims is analogous to the error he alleges occurred here, but cites no authority, and we find none, authorizing us to

3

excuse the waiver of his disproportionate punishment argument. *See Romo v. State*, 568 S.W.2d 298 (Tex. Crim. App. 1978); *Antunez v. State*, 647 S.W.2d 649 (Tex. Crim. App. 1983). We therefore decline to consider the issue in the interest of justice. *See Trevino*, 174 S.W.3d at 928; *see also Daliet*, 2013 Tex. App. LEXIS 3871, at *5. In any event, the sentence of twenty years is well within the statutory range and, in fact, well below the maximum of 99 years or life imprisonment for a habitual felony offender.[2] A Punishment falling within the limits prescribed by a valid statute is not per se excessive, cruel, or unusual. *Trevino*, 174 S.W.3d at 928. Therefore, because appellant failed to object to the proportionality of a sentence that was not unconstitutional per se, appellant's argument is waived. *See* TEX. R. APP. P. 33.1(a); *Noland*, 264 S.W.3d at 151; *Trevino*, 174 S.W.3d at 928; *see also Daliet*, 2013 Tex. App. LEXIS 3871, at *5.

We overrule appellant's sole issue.

## I.    CONCLUSION

We affirm the trial court's judgments.

_____
ROGELIO VALDEZ
Chief Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
25th  day of July, 2013.

---

[2] Burglary of a habitation is a second-degree felony, but because the court found the enhancement charge true, appellant was punished for a first degree felony and was subject to a sentencing range of five to 99 years or life imprisonment. *See* TEX. PENAL CODE ANN. §§ 12.32, 12.42(b) (West, 2011) (providing that "if it is shown on the trial of a felony of the second degree that the defendant has previously been finally convicted of a felony other than a state jail felony punishable under Section 12.35(a), on conviction the defendant shall be punished for a felony of the first degree"); *id.* § 32.02.

4