Billy Joe SHEDDAN, Appellant,

v.

The STATE of Texas, Appellee.

No. 09–83–192 CR.

Court of Appeals of Texas,
Beaumont.

Sept. 26, 1984.

Rehearing Denied Nov. 1, 1984.

Robert Cain, Lufkin, for appellant.

Gerald Goodwin, Dist. Atty., Lufkin, for appellee.

## OPINION

DIES, Chief Justice.

Appellant was indicted for aggravated robbery. A jury convicted him of robbery and the court sentenced appellant to eight years in the Texas Department of Corrections. The Court of Criminal Appeals granted appellant an out of time appeal to this court.

Appellant's sole ground of error follows:

"The Trial Court erred in submitting a Charge to the jury which contained abstract principles governing the law of robbery but did not apply those principles to the specific facts of the case."

Appellant cites us *Newton v. State*, 648 S.W.2d 693 (Tex.Crim.App.1983) and *Antunez v. State*, 647 S.W.2d 649 (Tex.Crim. App.1983). Paragraphs 4 and 5 of the court's charge in the case at bar are virtually identical to the charges found fundamentally defective in *Newton v. State* and *Antunez v. State*. In both of these cases the Court of Criminal Appeals stated:

"In the present case the charge contained certain abstract principles governing the law of robbery but did not apply those principles to the specific facts of this case. The charge left the jury to speculate about which specific actions on appellant's part, if believed true beyond a reasonable doubt under the evidence of this case, would constitute the offense of robbery."

648 S.W.2d at 694; 647 S.W.2d at 650–651.

The State counters by urging that each of these decisions were 5 to 4 decisions and prefers the prior decisions of *Crocker v. State*, 573 S.W.2d 190 (Tex. Crim.App.1978) and *Conn v. State*, 143 Tex.Crim. 367, 158 S.W.2d 503 (1941), as well as, Judge Onion's dissent in *Antunez v. State, supra*. Of course, it is the duty of this Court to follow the latest directives of the Texas Court of Criminal Appeals. We, therefore, sustain this ground of error, reverse the judgment of the trial court, and remand this case for a new trial.

Reversed and Remanded.