In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-02-333 CR


____________________



ORDEZZIA E. COLLINS, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the 252nd District Court


Jefferson County, Texas


Trial Cause No. 76318






MEMORANDUM OPINION (1)


 On April 16, 1998, Ordezzia E. Collins was indicted for the offense of burglary of
a habitation. On February 1, 1999, pursuant to a plea bargain agreement, and after
receiving oral and written admonitions regarding his rights, Collins pled guilty to the
charged offense. On March 8, 1999, the trial court deferred adjudication of guilt and
placed Collins under community supervision with specified written conditions for a period
of five (5) years, and imposed a fine of $1,000. On May 9, 2002, the State moved to
adjudicate Collins's guilt, alleging Collins violated specified conditions of his community
supervision: violation of the laws of the State of Texas, i.e., the commission of aggravated
robbery (Condition No. 1); failure to report to his probation officer as directed (Condition
No. 4); failure to perform required community service (Condition No. 14); and, failure
to pay fines and fees (Condition No. 25). At a hearing held June 28, 2002, Collins pled
"not true" to the alleged violation of Condition No. 1, and "true" to the alleged
violations of Condition Nos. 4, 14 and 25. After a hearing, the trial court found that
Collins was in violation of all conditions as alleged in the motion, ordered Collins's
community supervision revoked, found him guilty of the offense of burglary of a
habitation, and sentenced him to a term of twenty (20) years in T.D.C.J. - I.D. A general
notice of appeal was filed on July 18, 2002. 

 Appointed appellate counsel has filed a brief pursuant to Anders v. California, 386
U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), which concludes that there is no
reversible or arguable error, moves for withdrawal, and notifies Collins of his
determination, advising Collins of his right to file a pro se response. (2) The Court granted
Collins additional time to file a pro se response, but none has been filed. 

 Based upon a review of the record and relevant legal authorities, we find that there
are no arguable issues on appeal. First, the trial court's determination to adjudicate guilt
is not reviewable on appeal. Olowosuko v. State, 826 S.W.2d 940, 942 (Tex. Crim. App.
1992). Second, Collins may not in this appeal claim error in the original plea proceedings.
Manuel v. State, 994 S.W.2d 658, 662 (Tex. Crim. App. 1999). Third, Collins's plea of
true to any one of the alleged violations of conditions imposed would authorize the trial
court to revoke his community supervision. Moore v. State, 11 S.W.3d 495, 498 (Tex.
App.- Houston [14th Dist.] 2000, no pet.). Fourth, although a general notice of appeal
invokes our jurisdiction to consider issues relating to the process by which Collins was
punished, no error relating to punishment was preserved on appeal. Vidaurri v. State, 49
S.W.3d 880, 883, 885 (Tex. Crim. App. 2001). Burglary of a habitation is a second
degree felony, Tex. Pen. Code Ann. § 30.02 (c) (2) (Vernon 2003), with a punishment
range of not more than 20 years or less than 2 years. Tex. Pen. Code Ann. § 12.33 (a)
(Vernon 2003). The punishment imposed (20 years) falls within the range provided by the
applicable statute. 

 The judgment is AFFIRMED. 

 PER CURIAM


Submitted on August 7, 2003

Opinion Delivered August 13, 2003

Do Not Publish


Before McKeithen, C.J., Burgess and Gaultney, JJ.
1. Tex. R. App. P. 47.4.
2. The brief filed does not meet the requirements of Stafford v. State, 813 S.W.2d
503, 510-11 (Tex. Crim. App. 1991) and High v. State, 573 S.W.2d 807, 810-11 (Tex.
Crim. App. 1978). Initially, we note that portions of the brief refer to an offense other
than the offense committed in this case and refer to a trial judge other than the presiding
judge in this case. Further, the brief fails to contain the required professional evaluation
of the record demonstrating why there are no arguable grounds of error advanced. This
includes the requirement that counsel refer the Court to anything in the record, along with
citations to the record and legal authorities, that would arguably support a claim of error. 
The brief also requests that if the Court finds arguable error, Anders counsel be allowed
to brief the issues, contrary to the requirement that in such event, new appellate counsel
be appointed. See Stafford, 813 S.W.2d at 510 n.3, 511; High, 573 S.W.2d at 812. 
While we recognize that the specific steps set out in Anders may no longer be required as
a matter of Federal constitutional law, Smith v. Robbins, 528 U.S. 259, 272-273, 120
S.Ct. 746, 145 L.Ed.2d 756 (2000), the Anders requirements remain one acceptable means
of assuring protection of the constitutional rights of indigent criminal defendants. 528 U.S.
at 276. The original Anders requirements are still mandated by the Court of Criminal
Appeals in Stafford and High, and we are bound to follow the controlling authority of that
Court. Sheddan v. State, 690 S.W.2d 9, 10 (Tex. App.- Beaumont 1984, no pet.).

 However, because of the limited record in this case, the Court is able to examine
the record without the aid of Appellant's Anders brief to determine whether there are,
indeed, any arguable issues on appeal. We will therefore not return the brief for
compliance with the technical requirements of Anders. See Wilson v. State, 40 S.W.3d
192, 199 (Tex. App.- Texarkana 2001, no pet.).