COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-04-055-CR
  
  
ROY CHARLES BROWN                                                          APPELLANT
  
V.
  
THE STATE OF TEXAS                                                                  STATE
  
  
------------
 
FROM THE 211TH 
DISTRICT COURT OF DENTON COUNTY
 
------------
 
OPINION
 
------------
        Appellant 
Roy Charles Brown was convicted of burglary of a habitation and, after pleading 
true to an enhancement paragraph, was sentenced to fifty years’ confinement in 
the Institutional Division of the Texas Department of Criminal Justice.  In 
five points, Appellant complains about the indictment, the jury charge, notice 
of the enhancement, and ineffective assistance of trial counsel.  Because 
we hold that the trial court’s errors are not reversible, and that Appellant 
did not sufficiently prove ineffective assistance, we affirm the trial court’s 
judgment.
Background 
Facts
        At 
a pretrial hearing eleven days before trial, the trial court, according to the 
parties, orally granted the State’s motion to amend the indictment.  The 
motion set forth the original burglary paragraph, which charged Appellant with 
breaking and entering with intent to commit assault of Pamela Woods, as well as 
the following paragraph:
  
And the Grand Jurors aforesaid, duly selected, impaneled, sworn and charged at 
said term of said court as aforesaid, upon their oaths further present in and to 
said court that Roy Charles Brown on or about the 4th day of June, 
2003, and before the presentment of this indictment, in the County of Denton and 
State of Texas, did then and there intentionally or knowingly enter a 
habitation, without the effective consent of Pamela Woods, the owner thereof, 
and did then and there attempt to commit and committed assault; against the 
peace and dignity of the State.
  
 
        The 
original indictment was not physically changed.  Instead, the trial court 
granted the State’s motion in an order which provides that the indictment 
should be amended and which recites in full the proposed language of the amended 
indictment.  Although the order granting the motion to amend the indictment 
is not dated and contains no file mark, both parties agree that the trial judge 
did not sign the order until the day of trial.
        Another 
hearing was held on that day before voir dire, and the trial court overruled 
Appellant’s objections to the indictment.  Appellant was then arraigned 
in the jury’s presence under the amended language of the indictment with no 
objection.
        The 
original indictment included an enhancement paragraph.  The order granting 
the State’s motion to amend the indictment does not.  But on January 9, 
eleven days before trial, the State filed a document entitled “Additional 
Pleadings,” which states that its purpose is to provide notice of the 
State’s intent to enhance the punishment range and which provides an 
enhancement paragraph.
        The 
application section of the jury charge did not name or otherwise indicate a 
complainant. Appellant lodged no objections to the charge.
The Indictment
        In 
his first point, Appellant complains that the trial court erred by overruling 
his objection to the amended indictment.  Appellant objected that the 
amendment alleged a new or different offense, that is, assault, and needed to be 
presented to the grand jury. None of the other complaints he raises in his first 
point were preserved for appeal.[1]  Article 
28.10(c) of the Texas Code of Criminal Procedure provides that “[a]n 
indictment or information may not be amended over the defendant's objection as 
to form or substance if the amended indictment or information charges the 
defendant with an additional or different offense or if the substantial rights 
of the defendant are prejudiced.”[2]  A 
“different offense” under article 28.10 means a different statutory offense.[3]  Changing an element of an offense changes the 
evidence required to prove that offense, but it is still the same offense.[4]  Consequently, burglary with intent to commit assault 
and burglary with attempted or completed assault are not different 
offenses.  Appellant did not object to a lack of notice of the charges 
against him and specifically stated that he had had adequate notice regarding 
the new allegation.  Because article 28.10(c) was not violated, and because 
Appellant lodged no other objections at trial that comported with his point on 
appeal, we overrule his first point.
The Jury Charge
        In 
Appellant’s related second point, he contends that the trial court erred by 
including the amended language in the court’s guilt/innocence charge because 
the jury was allowed to apply facts to a manner of committing an offense not 
found by the grand jury, prejudicing Appellant.  For the reasons given 
above, we overrule his second point.
        In 
his third point, Appellant contends that the jury charge was fundamentally 
defective in that it authorized the jury to convict Appellant without finding 
that he entered the habitation with intent to assault complainant.  The 
jury charge provided:
  
Now, if you find from the evidence beyond a reasonable doubt that Roy Charles 
Brown on or about the 4th day of June, 2003, in the County of Denton 
and State of Texas, did then and there intentionally or knowingly enter a 
habitation, without the effective consent of Pamela Woods, the owner thereof, 
and did then and there with intent to commit or attempt to commit or committed 
assault, you will find the defendant guilty of burglary of a habitation, as 
charged in the indictment.
   
 
Appellant complains only of 
the charge on burglary with intent to commit an assault.  Specifically, he 
contends that because the indictment named the complainant, the jury charge 
should have also named the complainant.  Omitting her name from the charge, 
he claims, lessened the State’s burden of proof.  We agree with Appellant 
that the charge was improper.
        The 
trial court is obligated to charge the jury on the “law applicable to the 
case.”[5]  This obligation requires the court 
to instruct the jury concerning each and every element of the offense.[6]  The court's charge, rather than merely stating 
abstract propositions of law and general principles contained in the statutes, 
must clearly apply the law to the facts of the case.[7]  
A jury charge may not authorize a conviction on less evidence than the law 
requires.[8]  Nor can either the indictment or 
the general statements of law supply the elements omitted from the application 
paragraph.[9]
        Appellant 
was indicted for breaking and entering the habitation of Pamela Woods with 
intent to commit assault against Pamela Woods.  The portion of the jury 
charge complained of would allow him to be convicted for breaking and entering 
the habitation of Pamela Woods with intent to commit assault against someone 
else.[10]
        Because 
Appellant did not object at trial to the error in the court’s charge, we must 
decide whether the error was so egregious and created such harm that Appellant 
did not have a fair and impartial trial—in short, whether “egregious harm” 
has occurred.[11]  In making this determination, 
“the actual degree of harm must be assayed in light of the entire jury charge, 
the state of the evidence, including the contested issues and weight of 
probative evidence, the argument of counsel and any other relevant information 
revealed by the record of the trial as a whole.”[12]  
The purpose of this review is to illuminate the actual, not just theoretical, 
harm to the accused.[13]  Egregious harm is a 
difficult standard to prove and must be determined on a case-by-case basis.[14]
        The 
record reveals ample evidence from which the jury could conclude that Appellant 
had intent to assault Pamela when he entered her home without her 
permission.  Appellant’s defense appeared to be that he was not the 
guilty party, although at closing argument his trial counsel’s theory was that 
Appellant had assaulted Pamela but had not committed burglary, either because he 
entered her apartment with her permission, and then beat her up, or because he 
beat her up outside the apartment in the breezeway.  Additionally, 
Appellant pointed to evidence that only Pamela placed him inside the 
apartment.  Appellant did not, however, argue that he entered Pamela’s 
apartment with the intent to assault someone else, nor was there any evidence 
that anyone besides Pamela was assaulted or even present in the apartment at the 
time of the offense.  Furthermore, while Appellant contends that lessening 
the State’s burden of proof resulted in egregious harm, he provides nothing to 
support this conclusory statement.
        Accordingly, 
after a careful review of the entire record, we are unable to conclude that the 
erroneous charge deprived Appellant of a fair and impartial trial. We therefore 
hold that such error did not rise to the level of creating egregious harm.  
Consequently, we overrule Appellant’s third point.
The Enhancement
        In 
his fourth point, Appellant contends that the trial court erred when it 
overruled his objection to the enhancement.  Before the jury was sworn, 
Appellant objected to the enhancement allegation.  While he acknowledged 
that he had notice of the enhancement, he argued that the court had to sign the 
enhancement for jurisdictional purposes.  The trial court overruled the 
objection.  Appellant pled true to the enhancement.  Unlike 
allegations of the offense, enhancement allegations do not have to be provided 
in the indictment.[15]  The State’s pleading 
filed eleven days before trial that gave notice of the State’s intent to 
enhance the punishment and that set forth the enhancement paragraph gave 
Appellant ample notice of the enhancement allegations.[16]  
We overrule Appellant’s fourth point.
Ineffective 
Assistance of Counsel
        In 
his fifth point, Appellant contends that his trial counsel was ineffective for 
failing to object to the reading of the amended indictment, for failing to 
request the ten days for which to prepare under article 28.10, for making the 
prosecutor’s case better, for failing to object to the introduction of an 
extraneous offense, for failing to preserve his objection to the enhancement 
allegation, and for affirming his client’s guilt.  While Appellant filed 
a general motion for new trial, it did not raise ineffective assistance, no 
affidavits were attached, and no hearings were held.  Consequently, the 
record does not reveal the basis for Appellant’s trial counsel’s decisions 
complained of by Appellant.  This court will not “reverse a conviction on 
ineffective assistance of counsel grounds when counsel's actions or omissions 
may have been based upon tactical decisions, but the record contains no specific 
explanation for counsel's decisions.”[17]   
Accordingly, based upon the applicable standard of review,[18] 
we overrule Appellant’s fifth point.
Conclusion
        Having 
overruled Appellant’s five points, we affirm the trial court’s judgment.
    
    
                                                                  LEE 
ANN DAUPHINOT
                                                                  JUSTICE
  
  
PANEL F:   LIVINGSTON, 
DAUPHINOT, and HOLMAN, JJ.
 
PUBLISH
 
DELIVERED: December 30, 2004


NOTES
1.  See 
Tex. R. App. P. 33.1(a)(1); Mosley 
v. State, 983 S.W.2d 249, 265 (Tex. Crim. App. 1998) (op. on reh’g), cert. 
denied, 526 U.S. 1070 (1999); Bell v. State, 938 S.W.2d 35, 54 (Tex. 
Crim. App. 1996), cert. denied, 522 U.S. 827 (1997); Rezac v. State, 
782 S.W.2d 869, 870 (Tex. Crim. App. 1990).
2.  Tex. Code Crim. Proc. Ann. art. 28.10(c) 
(Vernon 1989).
3.  Flowers 
v. State, 815 S.W.2d 724, 728 (Tex. Crim. App. 1991).
4.  Id.
5.  Tex. Code Crim. Proc. Ann. art. 36.14 
(Vernon Supp. 2004-05).
6.  See 
id.; 43 George E. Dix & Robert 
O. Dawson, Criminal Practice and Procedure § 36.11, at 561-62 (Texas 
Practice 2001).
7.  Newton 
v. State, 648 S.W.2d 693, 694-95 (Tex. Crim. App. 1983); Williams v. 
State, 622 S.W.2d 578, 579 (Tex. Crim. App. [Panel Op.] 1981).
8.  Polk 
v. State, 749 S.W.2d 813, 815-16 (Tex. Crim. App. 1988).
9.  Hernandez 
v. State, 10 S.W.3d 812, 819-20 (Tex. App.—Beaumont 2000, pet. ref'd).
10.  See 
Curry v. State, 30 S.W.3d 394, 404 (Tex. Crim. App. 2000) (“We believe the 
‘law’ as ‘authorized by the indictment’ must be the statutory elements 
of the offense of aggravated kidnapping as modified by the charging 
instrument.  That is to say, Curry's hypothetically correct jury charge 
could not simply quote the language of the statute, instructing the jury to find 
Curry guilty if it found that he abducted ‘another person,’ because the 
indictment specifically charges that Curry abducted Williams, and the State was 
required to prove that element of the offense.”).
11.  See 
Almanza v. State, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985) (op. on reh’g); 
see also Tex. Code Crim. Proc. 
Ann. art. 36.19 (Vernon 1981); Hutch v. State, 922 S.W.2d 166, 171 
(Tex. Crim. App. 1996).
12.  Almanza, 
686 S.W.2d at 171; see generally Hutch, 922 S.W.2d at 172-74.
13.  Almanza, 
686 S.W.2d at 174.
14.  Hutch, 
922 S.W.2d at 171.
15.  Brooks 
v. State, 957 S.W.2d 30, 34 (Tex. Crim. App. 1997).
16.  See 
id.
17.  Bone 
v. State, 77 S.W.3d 828, 830 (Tex. Crim. App. 2002).
18.  See 
Strickland v. Washington, 466 U.S. 668, 687-90, 694, 104 S. Ct. 2052, 
2064-66, 2068 (1984); Thompson v. State, 9 S.W.3d 808, 812-14 (Tex. Crim. 
App. 1999).